# JEREMIAH A. GRIMES, and Wife, *vs.* JOHN P. TALBERT, and Others.

To authorise the grant of letters of administration, under the testamentary law of this State, the *dying intestate* and the *leaving of personal estate*, must both be proved, the former to the satisfaction of the court, but the latter need not be *conclusively* established, *prima facie* evidence thereof being all that is necessary.

The granting of letters is not dependent on the *weight* of evidence in relation to the leaving of personal estate; if the application for letters be resisted and proof be offered, to show, that the intestate left no property, it cannot avail, unless it be *clear* and *explicit* and above all doubt.

It was not designed by the testamentary law, that questions of title to personal property should be tried and determined by the orphans courts, in a summary proceeding upon an application for letters.

The lapse of *twenty-eight years* from the death to the application for letters, and the presumption of title thereby created in favor of the parties who have so long held the possession, can have no application to the question of the grant of letters, where there there is *prima facie* proof, that the property belonged to the intestate, whatever weight such objections might have on the trial of the question of title.

APPEAL from the Orphans Court for Prince George's County.

This appeal is from an order dismissing the petition of the appellants, asking for the grant of letters of administration, upon the personal estate of James D. Barrett, deceased. The appellants allege, that the deceased left, at the time of his death, two negro slaves, *Charlotte* and *Nelly*, who have since had children, and they aver, that these are a part of his estate. This is denied by the appellees, who aver, that he left no personal estate of any kind, and testimony was taken on this point, on both sides.

On the part of the appellants evidence was offered, tending to show, that *Charlotte* and *Nelly* were in possession of Jas. D. Barrett, at the time of his death, and had been given to his wife, one of them *prior* to her marriage and the other *subsequently*, by her uncle and aunt.

On the part of the appellees it was proved by a witness, that he was acquainted with all the property Barrett claimed to own at the time of his death, and held a bill of sale of all

the property Barrett then claimed, and that Barrett had no property at the time of his death; that witness knows, that he did not own any negroes at the time of his death; that he knows nothing of negroes *Charlotte* and *Nelly*, but if they had belonged to Barrett he would have known it, as he was intimate with him for fourteen years prior to his death.

The allegations of the petition and answers, which were under oath, and the other facts of the case are sufficiently stated in the opinion of this court. The court below being divided in opinion, in relation to the grant of letters of administration, passed an order dismissing the petition of the appellants, from which they appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and BARTOL, J.

*Daniel C. Digges* for the appellants, argued for a reversal of the order:

1st. Because the proof showed a fit case, under the law, for an administration on the personal estate of Barrett; the personal property of the *feme sole*, after marriage, exclusively vesting in the husband, at common law, and he dying in possession thereof. 4 *Md. Rep.*, 280, *Peacock vs. Pembroke.* 3 *Md. Rep.*, 550, *Ware vs. Richardson.* 6 *Md. Rep.*, 375, *Turton vs. Turton.* 9 *Md. Rep.*, 557, *Unger vs. Price.*

2nd. Because the negroes in question, belonging to the husband at the time of his death, administration was absolutely necessary, in order to devolve title to his distributees. 10 *Md. Rep.*, 67, *Wilson, Adm'r of Owens, vs. Smith.* 7 *G. & J.*, 13, *Hagthorp vs. Neale.* 9 *Gill*, 463, *Owings vs. Bates.* *Act of* 1798, *ch.* 101, *sub-ch.* 5, *secs.* 2, 3, and *sub-ch.* 15, *sec.* 13. 8 *G. & J.*, 226, *Alexander vs. Stewart.* 13 *Wend.*, 453, *Woodin, et al., vs. Bagley's Excr.*

3d. Because, in this cause, as appears from the record, the proof is conclusive, that letters of administration never had been granted. It is not a case of presumption of a grant of letters, when the proof is full they never were granted.

Grimes & Wife, *et al.*, *vs.* Talbert & Wife, *et al.*

*S. B. Hance* and *Thos. F. Bowie*, for the appellees, argued for the affirmance of the order:

1st. Because the petition does not sufficiently aver, that these negroes were the property of Barrett at the time of his death. In the absence of such an allegation in the petition, a disclosure of facts and circumstances in the answers, showing a right of property in other persons, justified the dismissal of the petition. The proceeding was a plenary one, upon bill and answers, and the latter being on *oath*, must be contradicted by two witnesses, or one with pregnant circumstances.

2nd. Because the proof shows, that the right of property in the negroes was in the widow of James D. Barrett, acquired by gift from her aunt and uncle, and that she has held uninterrupted possession of them for twenty-six years.

3d. Because after such a lapse of time with the assent of creditors, if any, as well as of distributees, a title in the widow will be presumed, and the court properly refused the application of the petitioners. I *Greenl'f on Ev., sec.* 21. *Best on Presumptions,* 145. 1 *Gill,* 430, *Casey vs. Inloes.* 9 *Gill,* 133, *Anderson vs. Garrett.* 11 *Md. Rep.,* 412, *Johnson's Adm'r vs. Farmers Bank.* 2 *Ves.,* 11, *Jones vs. Turberville.*

BARTOL, J., delivered the opinion of this court.

This is an appeal from an order of the orphans court for Prince George's county, refusing to grant letters of administration on the personal estate of James D. Barrett, deceased.

It appears from the record, that the deceased died on the 10th of May 1830, leaving a widow, Lucy Barrett, who has since intermarried with John P. Talbert, and several children, among whom is Elizabeth, wife of Grimes, the appellant. No administration has ever been granted on his estate. On the 11th of May 1858, a petition was filed in the orphans court, by the appellants, alleging, that said James D. Barrett left, at the time of his death, two negro women, named *Charlotte* and *Nelly*, which, after his death, were taken possession of by his widow, who, with her husband, Talbert, is in possession of all the said original personal estate and the increase thereof, which has not been disposed of by them.

That negro woman Charlotte has five children, all valuable negro slaves for life, and they are now in the possession of Talbert and wife. That Nelly was, years ago, sold by Lucy Barrett, the widow, without authority of law, and now has several children, all going at large, in Washington city, as free.

The petition prays that an order may be passed, directing summons to be issued, requiring Talbert and wife and the children of James D. Barrett, deceased, to show cause why letters of administration on the personal estate of said deceased, should not be granted to some one, in the discretion of the court, thereto entitled under the law, &c.

Summons was issued, as prayed, and *the answers of the* appellees were filed, denying that the negroes, Charlotte and Nelly were, or that either of them ever was, the property of James D. Barrett, asserting that they belonged to others, and alleging that the deceased had left no property, at the time of his death, to be administered.

Proof was taken on both sides, and appears in the record, which it is not necessary for us particularly to notice, further than to say, that it is conflicting upon the question of title to the property.

The Act of 1798, ch. 101, sub-ch. 5, sec. 2, makes it the duty of the orphans court to grant letters of administration, "when any person hath died in the county, intestate, leaving, in this State, goods, chattels or personal estate." By the 3d section of the same sub-chapter it is made incumbent upon the party applying for such letters, to "prove such dying intestate to the satisfaction of the court, unless the same be notorious."

In an application for *letters,* the dying intestate and leaving personal estate must be shown; the former must be "proved to the satisfaction of the court," the latter need not be conclusively established; *prima facie* evidence thereof is all that is necessary. The action of the court is not dependent upon the weight of evidence. If the application be resisted and proof be offered to show, that the intestate left no property, it cannot avail unless it be clear and explicit and above all doubt, It was not designed by the statute, that questions of

title to personal property should be tried and determined by the orphans court, in a summary proceeding upon an application for letters. Neither the organization of the court, nor their mode of proceeding, enables them satisfactorily to pass upon such a question.

The principal ground urged in support of the order, passed in this case, is the great lapse of time since the death of James D. Barrett, and the presumption thereby created in favor of the title, to the negroes, of the parties who have so long held them in possession, and the argument has been pressed with much force against the consequences of opening the door to litigation, and disturbing a possession which has been held uninterruptedly for so long a period. Whatever weight such an argument might have on the trial of the question of title, it is not applicable to the present case. There was *prima facie* evidence before the orphans court of the title of the deceased, and the rebutting proof was not such as could justify a refusal of the letters.

In reversing the order, we do not mean to be understood as passing any opinion upon the respective rights of the parties to the property. It would be improper to do so upon this appeal.

*Order reversed and cause remanded.*

(Decided July 15th, 1859.)