## No. 5103.

### Succession of Esther Poret—Opposition to Application for Administration.

A party can not, without showing an interest in the matter, be permitted to interfere with the final settlement of an estate between the heirs, and to pray that the public administrator of the parish be appointed to administer said estate, and have an appraisement thereof made.

If the partition entered into between the heirs, and of which the plaintiff complains, is irregular and illegal, it is not to be corrected by taking out an administration.

APPEAL from the Parish Court, parish of East Baton Rouge. *Davis*, J. *S. P. Greves, E. W. Robertson,* for applicant and appellee. *J. W. Burgess, Fuqua & Callihan,* for opponents and appellants.

Taliaferro, J. In this case Pierre Lebret, alleging that he has an interest in the administration and final settlement of the succession of Esther Poret, an interdicted person, who died in the year 1861, prays

that the public administrator of the parish of East Baton Rouge be appointed to administer her estate, and that an appraisement thereof be made. Esther Poret left no forced heirs. Her estate fell to her two sisters and a brother. One of the sisters died, leaving two minor children, represented by their father and natural tutor, William Hearsey. The interest which the petitioner declares he has in the proper administration of this succession is, that these minors Hearsey are his presumptive heirs. He alleges that Leopold Poret, the brother of Esther Poret, a resident of France, renounced her succession. This application for an administration of the estate of Esther Poret was vigorously opposed by the heirs, Mrs. Guzman, William Hearsey, the father and tutor to the minors, and Mrs. Zulme Hearsey, claiming to be the transferree of Leopold Poret. The opposition is founded upon the grounds following :

*First*—That the application shows no ground for the appointment of an administrator, but on the contrary it shows that the estate has been settled, and there is no pretense there are any debts.

*Second*—That after the death of Esther Poret the heirs took possession of and partitioned the estate among themselves, and if there are any errors in the partition, they can not be corrected by the public administrator, who has no authority to represent the majors or minors, and revise and correct partitions and settlements made between heirs.

*Third*—That if Leopold Poret ever renounced the succession, his renunciation inured to the benefit of these heirs, who accepted, and gave no right to the public administrator to take charge of the estate.

*Fourth*—They deny that the estate is or ever was vacant.

*Fifth*—They peremptorily except to the right of Pierre Lebret to interfere in any manner in the estate, and especially to his attempt herein made to inquire thus collaterally into the conduct of William Hearsey, tutor.

*Sixth*—They peremptorily except that Pierre Lebret has not and does not pretend to be either an heir or a creditor, and that he is absolutely without right or interest in the succession of Esther Poret.

The judgment of the court *a qua* was in favor of the plaintiff, Lebret, decreeing that the public administrator be appointed to administer the estate, and that an inventory be made. From this judgment the opponents have appealed.

An examination of the record in this case satisfies us that the judgment of the parish court is erroneous. The applicant, Lebret, is shown to be without any interest whatever in the matter; the minors, he pretends, are his presumptive heirs, are represented by their father and natural tutor, who opposes his application. He is neither an heir nor a creditor. Neither does he allege there are any debts against the

succession. The partition entered into between the heirs, and of which he complains, if irregular and illegal, is not to be corrected by taking out an administration. We think the opposition should have been sustained, and the application for administration dismissed.

It is therefore ordered that the judgment appealed from be annulled and set aside. It is further ordered that the opposition be sustained, and the suit dismissed at the costs of the applicant.