[No. 1211.]

JANE WRIGHT, APPELLANT, *v.* W. T. SMITH, RESPONDENT.

ESTATES OF DECEASED PERSONS—COMMUNITY PROPERTY—WHEN NO ADMINISTRATOR IS NECESSARY—STAT. 1881, 103, CONSTRUED.—Under the statute of 1881 the title to community property after a man's death is vested in the widow, subject to the payment of the debts; and if the widow pays all the indebtedness legally due from the estate, then the community property is not subject to administration.

IDEM.—*Held*, upon a review of the facts that there was no legal presumption either for or against the existence of debts, and that the court had no right to appoint an administrator without satisfactory proof that the property was subject to administration, and that the appointment would accomplish some useful end.

APPEAL from the District Court of the Fourth Judicial District, Elko County.

The facts are stated in the opinion.

*Fitzgerald & Beatty*, and *R. M. Clark*, for Appellant:

I. Jurisdiction in probate matters is conferred by statute,

and is special and limited, and will not be presumed. (*Grimes's Estate* v. *Norris*, 6 Cal. 621;[1] *Smith* v. *Andrews*, 6 Cal. 652; *Clarke* v. *Perry*, 5 Cal. 58;[2] *Deck* v. *Gerke*, 12 Cal. 436;[3] *Townsend* v. *Gordon*, 19 Cal. 205; 1 Comp. L. 538.)

II. Administration is not a matter of absolute right or public necessity. The heirs (in this case, Jane Wright) may pay the debts and take the property, under the statute of descent. (*Babbitt* v. *Bowen*, 32 Vt. 437.)

III. If there are no debts, there need be no administration. (Stat. 1881, 103; Stat. 1882, 16; *Duncan* v. *Veal*, 49 Tex. 603; *Succession of Esther Poret*, 26 L. Ann. 157; Myrick's Prob. Rep. 208.)

[No brief on file for respondent.]

By the Court, LEONARD, J.: —

This is an appeal from an order revoking the appointment of Jane Wright, administratrix, and appointing W. T. Smith administrator of the estate of A. W. Gedney, deceased.

On the twenty-second day of June, 1882, A. W. Gedney, a resident of Elko County, Nevada, died intestate, leaving an estate situate in said county, consisting of real and personal property. He left, also, a widow, and several minor children, surviving him. Jane Gedney petitioned the court to be appointed administratrix. She was appointed January 6, 1883, and she qualified as such January 13, 1883. The estate was appraised at twenty-eight thousand four hundred and four dollars and fifty-one cents, and notice to creditors given. December 5, 1883, Jane Gedney married John T. Wright, and January 16, 1884, she filed a petition in the name of Jane Wright, praying that her former letters be adjudged invalid by reason of her marriage, and that new letters be issued to her in the name of Jane Wright. On the twenty-fourth of April, 1884, her petition was granted, and the court ordered that letters be issued to Jane Wright, upon her qualifying by taking the proper oath, and filing a bond in the sum of forty-seven thousand two hundred and ninety-two dollars. She did not take the oath, or give the bond required, and new letters were not issued.

On the twenty-second of July, 1884, W. T. Smith, respondent herein, petitioned the court for letters of administration.

1 65 Am. Dec. 545.          2 63 Am. Dec. 82.          4 73 Am. Dec. 555.

In his petition he stated the facts above mentioned, and, in addition, that he was a citizen of the United States, over twenty-one years of age, and a resident of Elko County; that a claim of S. B. Talbot for the sum of three thousand six hundred and ninety-six dollars against said estate had been presented to Jane Gedney, administratrix, allowed, and paid; that, except as stated in the petition, the estate had not been administered upon, and that the greater part thereof was then in the possession of said Jane Wright. A citation was issued requiring Jane Wright to show cause before the court why she should not qualify as administratrix, or that the order of April 24, 1884, be annulled, and the said W. T. Smith appointed administrator.

At the time set for hearing, she appeared by her attorneys and filed her objections to Smith's appointment, in substance as follows:   That she was the surviving wife of deceased, A. W. Gedney; that ever after their marriage, until the death of her said husband, she lived and cohabited with him; that said A. W. Gedney died intestate in Elko County, Nevada, June 26, 1882, leaving both real and personal property in said county; that within a year after the death of said deceased she settled and paid all of the lawful debts due from, and all claims against, said estate; that all of said property was common property, and no part of it was the separate estate of deceased; that by reason of the above facts, said property was not subject to administration; that the petition of said W. T. Smith did not show facts sufficient to entitle him to letters of administration, because it nowhere appeared therefrom that the property of A. W. Gedney was subject to administration, or was the separate property of said deceased, or that it was not exempt from execution, or that there were any debts against said estate, or that said Smith had any interest in said estate, or was a person entitled to letters of administration.

The facts alleged in Smith's petition were proven to the satisfaction of the court; but it was not alleged or shown that any of the property was the separate property of Gedney, or that there were any unsatisfied claims or demands against the estate, or that the petitioner was creditor or heir, or had any interest in the estate. On the contrary, it was shown, by records and papers on file, introduced by Smith and admitted without objection, that all of said property belonged to the

community. Besides the fact just stated, the record shows that, after respondent had rested, and the court had overruled appellant's objection to respondent's appointment upon the showing made, appellant offered and endeavored to prove, by a witness then before the court, that all the property, of which A. W. Gedney died seised, belonged to the community. This evidence was excluded, and appellant duly excepted. The court held that an administrator should be appointed, although the entire property belonged to the community. Certainly this was error, if appellant had paid all indebtedness legally due from the estate, or had secured the payment of the same to the satisfaction of the creditors. (Stat. 1881, 103; Stat. 1883, 16.)

Under the statute of 1881, upon the death of A. W. Gedney, the entire community property became appellant's without administration, although it was subject to all debts contracted by Gedney during his lifetime, not barred by the statute of limitations; and if she paid all indebtedness legally due from the estate, or secured the payment of the same to the satsfaction of the creditors, then the community property was not subject to administration. That statute was in force at the time of Gedney's death, and to its provisions must we look in ascertaining her rights. Neither in his petition nor by his proofs did respondent show himself entitled to letters. There were no facts before the court tending to show that further administration was necessary, or that the property was subject to administration. Under the statute the title to community property, subject to the payment of legal indebtedness, was in appellant, and an administrator was not required to convey the title or distribute the estate.

The record shows that, "upon the hearing of the said petition and the said objections thereto, the said petitioner, to maintain the issues upon his part, introduced in evidence to the court, without objection, the following records and papers on file in the matter of the estate of said A. W. Gedney, deceased, following: The petition of said Jane Gedney to be appointed administratrix of said estate, filed December 22, 1882. Said petition showed that   *   *   *   the whole of said property, both real and personal, was the community property of said A. W. Gedney and said Jane Gedney."

There was no allegation in respondent's petition, and no testimony tending to show that any portion of it was the

separate property of deceased. On the other hand, in her written objections to respondent's appointment, filed in court, appellant alleged that prior to her husband's death the entire property belonged to the community; that upon his death it became her separate property, and was not subject to administration, because she had settled and paid all lawful debts due from, and all claims against, the estate.

We think, under the circumstances, respondent was bound by the contents of appellant's former petition in relation to the character of the property; that is to say, that it belonged to the community. It was introduced by him generally in the case without any limitation as to its effect. So far as this application is concerned, he was bound by it. The evidence, and the only evidence, then, before the court, upon this point, was that the property belonged to the community prior to Gedney's death, when it became appellant's, subject to the payment of Gedney's debts, but not to administration, if, prior thereto, appellant should pay the debts, or secure them to the satisfaction of creditors. (*Babbitt* v. *Bowen*, 32 Vt. 439; *Hargroves* v. *Thompson*, 31 Miss. 214; Stat. 1881, 103; Stat. 1883, 16. See also *Thompson* v. *Thomas*, 30 Miss. 155; *Beckett* v. *Selover*, 7 Cal. 238;[1] *Updegraff* v. *Trask*, 18 Cal. 459; *Hall* v. *Hall*, 27 Miss. 459.)

Since the entire property belonged to appellant, the court must have presumed, in the face of her allegation to the contrary, that there were unpaid debts; otherwise there was no foundation for the order appointing respondent, for it was not asserted or proved that there were any debts. Under the circumstances of this case there was no legal presumption, either for or against the existence of debts; and the court had no right to disturb appellant in the enjoyment of her property, or burden the estate with useless expenditure, without satisfactory proof that the property was subject to administration, and that the appointment of an administrator would accomplish some useful end.

If there are no debts, respondent has no more right to administer upon this estate than he would have had if Gedney had not have died. Such being the case, it was incumbent upon him to show, not only the necessary jurisdictional facts, but also the fact of indebtedness. Without assertion and proof of that fact, he had no right to ask for letters, or the court to

1  68 Am. Dec. 237.

grant them. (*Succession of Esther Poret,* 26 La. Ann. 158; *Duncan* v. *Veal,* 49 Tex. 610.) The opposition to respondent's appointment should have been sustained.

That portion of the order appealed from appointing W. T. Smith administrator of the estate of A. W. Gedney, deceased, is reversed, and his application denied, at the cost of respondent.