ESTATE OF BARLASS: BARLASS, Appellant, vs. BARLASS, Respondent.

*October 6—October 25, 1910.*

*Estates of decedents: When administration may be granted: Jurisdiction of county court.*

1. Upon the death of an inhabitant or resident of this state a *prima facie* showing, or even a *bona fide* claim, that he left an estate will support the granting of letters of administration by the proper county court; and the question of the validity of such claim should be left for future litigation in the proper forum and between the proper parties.

2. The mere existence of assets, irrespective of amount or value, will support a grant of administration.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

The appeal is from a judgment of the circuit court reversing an order of the county court of Rock county appointing *David M. Barlass* an administrator of the estate of Thomas Barlass, deceased.

The verified petition of *David M. Barlass* for administration alleges that Thomas Barlass, deceased, left personal estate of the value of $5,000 and real estate of the value of $21,000. The contestant, *John T. Barlass,* claims that the deceased in his lifetime executed a bill of sale of all his personal property to him and that the real estate was likewise deeded to him and his sister, Janette Irish. The petitioner contends that such instruments were executed through fraud and undue influence and that the deeds were never delivered. The validity of these conveyances was litigated in the circuit court upon the appeal from the order of the county court appointing an administrator, and the circuit court found as facts (1) that Thomas Barlass, deceased, was an inhabitant of Rock county, Wisconsin, and died intestate November 12, 1908; (2) that he left him surviving *John T. Barlass, David M. Barlass,* his sons,

and Janette Irish, his daughter, all adults, as his only heirs at law; (3) that he left no personal estate; (4) that he left no real estate; (5) that he left $36 which was used to pay funeral expenses; and (6) that there were no debts or claims chargeable against or due the deceased or the estate; and entered judgment as above stated.    The petitioner appealed.

*J. J. Cunningham,* for the appellant.

*E. D. McGowan,* for the respondent.

VINJE, J.    Sec. 2443, Stats. (1898), provides that:

"The jurisdiction of the county court shall extend to the probate of wills and granting letters testamentary and of administration on the estates of all persons deceased who were at the time of their decease inhabitants of or residents in the same county and of all who shall die without the state having any estate within such county to be administered. . . ."

And sec. 3806, Stats. (1898), says:

"When any person shall die intestate, being an inhabitant of this state, letters of administration of his estate shall be granted by the county court of the county of which he was an inhabitant at the time of his death. . . ."

These provisions confer jurisdiction upon the county court to act (1) when it is shown that an inhabitant of or resident in the same county has died; (2) when it is shown that a person has died without the state having any estate within such county to be administered.    In the first case the jurisdictional facts are domicile and death; in the second, the existence of an estate within the county to be administered, and death without the state.    In each case such jurisdictional facts may be controverted upon the hearing of a petition for letters testamentary or of administration, and they must be established before the court acquires jurisdiction to act.    Not so, however, as to the existence of an estate in the case of the death of a resident of the county.    A *prima facie* showing that there is an estate, or a *bona fide* claim that deceased left property

to be administered, or the *prima facie* showing of any other statutory ground for the granting of letters of administration, is all that is necessary. Thus it was held in *Perkins v. Owen,* 123·Wis. 238, 101 N. W. 415, that intestacy was not a fact that must exist in order to confer jurisdiction upon the county court to administer an estate as intestate estate. In a case like the one at bar a *bona fide* claim that there is an estate to administer will support the granting of letters, and the court should not proceed to adjudge the validity of the claim. That must be left for future litigation in the proper forum and between the proper parties. *Parsons v. Spaulding,* 130 Mass. 83, 86; *Grimes v. Talbert,* 14 Md. 169, 172; *In re Brooks's Estate,* 110 Mich. 8, 67 N. W. 975; Schouler, Ex'rs, § 93; 1 Woerner, Adm'n, § 204. Moreover, in this case the court found that deceased left $36. The fact that it was afterward used, and properly so, for funeral expenses, is immaterial. The status at the time of death governs. It has been held that the mere existence of local assets, irrespective of amount or value, will support a local grant of administration. *Pinney v. McGregory,* 102 Mass. 186; *Mo. Pac. R. Co. v. Bradley,* 51 Neb. 596, 71 N. W. 283; *Horton v. Trompeter,* 53 Kan. 150, 35 Pac. 1106.

In *Flood v. Pilgrim,* 32 Wis. 376, LYON, J., was strongly inclined to think that a local grant of letters, where there is no estate, is absolutely null and void; and in *Filbey v. Carrier,* 45 Wis. 469, he reiterated this opinion. In neither case, however, was the question involved. Both cases turned upon the right of the administrator to the possession or use of real estate. While it would undoubtedly be an abuse of discretion on the part of the county court to appoint an administrator in a case where it is conceded there is no estate or other statutory ground for the appointment, the deceased being a resident, yet it cannot be said that the act of appointment is beyond the jurisdiction of the court.

Counsel for contestant cites *Jordan v. C. & N. W. R. Co.*

125 Wis. 581, 104 N. W. 803; *Grimes v. Talbert,* 14 Md. 169; *Pinney v. McGregory,* 102 Mass. 186; *Beach's Appeal,* 76 Conn. 118, 55 Atl. 596; *Van Giessen v. Bridgford,* 83 N. Y. 348, and *Wright v. Smith,* 19 Nev. 143, 7 Pac. 365, to show that in each of those cases the question of the existence of an estate was litigated upon the hearing of the petition for the appointment of an administrator. In all but the last two cases the deceased was a nonresident, and of course the question of the existence of an estate within the territorial limits of the court had to be settled to determine its jurisdiction. In *Van Giessen v. Bridgford, supra,* the deceased died in 1663, and when the application for administration was made in 1877 the court presumed ancient administration, especially in view of the fact that the family bible and pair of earrings sought to be administered upon were not satisfactorily shown ever to have belonged to the deceased. The case of *Wright v. Smith, supra,* was decided under a special statute in force in Nevada as to community property, and has no application to the question under consideration.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment affirming the order of the county court.