Estate of Walter: Norddeg, Appellant, vs. Wilde and another, Executors, Respondents.

*March 15—April 8, 1924.*

*Wills: Jurisdiction of probate court: When attaches: Order limiting time to file claims: Validity of statute: Contingent claims.*

1. Under secs. 3838 and 3840, Stats., the jurisdiction of the probate court attaches on the filing of a petition by the proper person for the probate of a will or for administration.   p. 543.
2. Sec. 3840, Stats., providing that the county court, on granting letters testamentary, may fix a time not less than four months nor more than one year thereafter within which creditors shall present claims, is valid.   p. 543.
3. Where petitioner alleged that testator had promised her $50,000 for living with him and his wife until she should marry, and that petitioner had performed her part of the agreement, and that by testator's will she was to receive a one-twentieth share of his estate, which the inventory showed to be approximately $500,000, the claim of the petitioner against the estate for the difference between her legacy and the promised sum, though uncertain in amount and perhaps requiring an accounting, was not a contingent claim which under sec. 3859, Stats., might be filed within two years from the time limited for other creditors to present their claims; and failure to file the claim during the time limited by the court was a bar to recovery.   p. 545.
4. A contingent claim, within the meaning of the statutes, is one where the absolute liability depends on some future event which may never happen and which renders such liability uncertain and indeterminable.   p. 544.
5. Upon the facts set forth in the petition, the liability of the testator became absolute when the claimant had performed on her part the terms of the contract.   p. 545.

Appeal from an order of the county court of Milwaukee county: M. S. Sheridan, Judge.   *Affirmed.*

*W. C. Seefeld* of Milwaukee, for the appellant.

For the respondents there was a brief by *Houghton, Neelen & Houghton,* attorneys, and *Thomas A. Manning,* guardian *ad litem,* all of Milwaukee, and oral argument by *Mr. Albert B. Houghton* and *Mr. Manning.*

JONES, J. ˙ Petitioner secured an order requiring the executors of the will of Sebastian Walter to show cause why her application for an order allowing her to file a claim of $35,000 against the estate should not be granted.

The petition alleged that *Erna Norddeg* was a contingent creditor against the estate of Sebastian Walter; that in 1914 Walter requested her to come and live with him and his wife and be a companion to them until she should marry; and' that in consideration for so doing he promised. that he would bequeath to her a share of his estate of the value of $50,000; that she carried out her part of the agreement and remained with Walter and his wife until her marriage in 1920; that Walter confirmed his agreement by writing to petitioner's parents that he would give her by will a share of his estate equal to $50,000; that Walter died on August 23, 1922, leaving a will disposing of an estate of the value of approximately $500,000; and that according to the terms of the will petitioner was to receive a one-twentieth share of the estate.

On October 16, 1922, the widow filed a petition asking probate of the will, and on that day the court fixed a time for the hearing of the petition and also fixed March 6, 1923, as the last day for filing claims against the estate. This time was later extended to April 25th. On November 8, 1922, the will was admitted to probate and executors appointed. On March 9, 1923, the executors filed their inventory showing the value of the estate to be approximately $500,000. On June 1, 1923, the widow elected to take her share of the estate under the statutes rather, than by the terms of the will.

It appeared that claimant's share under the will would be $15,000. Petitioner, on November 5, 1923, secured an order to show cause why she should not be allowed to file a claim for $35,000 against the estate.

The petition alleged that petitioner had no way or means of ascertaining the value of said estate, but had been in-

formed by said testator prior to his death and verily be-
lieved that he was worth at least $1,000,000, and therefore
believed, until the inventory was filed, that a twentieth part
of the estate which was her legacy would equal the sum of
$50,000, and that therefore she would be thereby fully paid
all that was due her.

The court dismissed the order to show cause, holding
that the claim was not a contingent claim, and that the claim
was barred by the statute because it had not been filed
within the time limited by the court.

Counsel for appellant argues that no valid notice for filing
claims was ever given by order of the county court. This
claim is based upon the proposition thus stated in appel-
lant's brief:

"Until the will is admitted to probate the county court
obtained no jurisdiction to act in the matter and has no
jurisdiction of the creditors."

Sec. 3838, Stats., provides:

"On filing a petition for the probate of a will or petition
for administration by any county court it shall be the duty
of such court to receive, examine, and adjust the claims and
demands of all persons against the deceased."

Sec. 3840 provides:

"At the time of entering an order for the giving of no-
tice, or upon the due waiver of notice, for granting letters
testamentary or of administration, or at any time thereafter,
the county court, by order, shall fix a time, not less than
four months nor more than one year thereafter, as the cir-
cumstances of the case may require, within which creditors
shall present their claims for examination and allowance."

Both of these sections were enacted in 1915. Prior to
that time, by sec. 3838 it was the requirement that on grant-
ing letters testamentary or of administration the court
should receive claims, and by sec. 3840 it was required that
the order of the court fixing a time for the presentation of
claims should be made at the time of granting letters testa-

mentary or of administration.   By the amendments the time for filing claims was changed from six months to four months.

Counsel for appellant cites the case of *Barlass v. Barlass,* 143 Wis. 497, 128 N. W. 58, as authority for his contention that the court had no jurisdiction until probate of the will, but it is held in that case that "a *prima facie* showing that there is an estate, or a *bona fide* claim that deceased left property to be administered, or the *prima facie* showing of any other statutory ground for the granting of letters of administration, is all that is necessary."   Page 498.

No authority is cited under statutes similar to our own that county courts do not obtain jurisdiction over the settlement of estates until the appointment of an executor or administrator.

Probate courts are authorized by our constitution, and by statute are given broad jurisdiction in respect to the administration of estates, and that jurisdiction attaches when invoked by the proper person, by filing a petition for administration setting up the essential facts.   11 Ruling Case Law, 72; *Hanson v. Nygaard,* 105 Minn. 30, 117 N. W. 235; *Fridley v. Farmers & M. S. Bank,* 136 Minn. 333, 162 N. W. 454; *Barlass v. Barlass,* 143 Wis. 497, 128 N. W. 58.

This view is supported by the fact that pursuant to sec. 3810, Stats., the court is given power to appoint a special administrator under the circumstances therein named.   Such special administrator may be appointed before the time fixed for the hearing of the original petition.   From this fact it must be implied that it was the legislative intent that jurisdiction should attach on the filing of the petition for the probate of a will or for administration.

In the instant case no attempt to file the claim was made until about six months after the time fixed for the hearing of claims, as extended.   Counsel for appellant asserts in the brief that the amendments referred to are unconstitutional, but the subject is not argued and no clause of the constitu-

tion which is violated is referred to. In our opinion the point is without merit.

It is the next contention of appellant that the claim was a contingent claim and therefore that, under sec. 3859, it might have been filed at any time within two years from the time limited for other creditors to present their claims. It is urged that claimant could not ascertain whether she had a claim against the estate until the inventory was filed showing its value, and that her claim did not accrue until after November 8, 1922, when executors were appointed.

According to the petition the plaintiff had fully complied with the terms of the contract and the deceased had failed to make the provision in his will as he had agreed and thereby had breached his contract. According to the terms of this agreement for the payment of services the liability became absolute. Even if the estate of decedent had been insufficient to make the payment, this did not change the nature of the liability. That liability was established when the claimant had performed on her part the terms of the contract.

After the death of decedent the claim was in no sense contingent. It might be uncertain in amount or might require an accounting, but events had happened which, according to the allegations of the petition, made the claim absolute. It did not depend upon any event after the death of the testator which might or might not happen. It was not like the claim against an indorser or surety, the right to demand payment of which depends upon events happening after the death of the testator. This court has defined a contingent claim as follows:

"A contingent claim, within the meaning of the statutes, is one where the absolute liability depends upon some future event, which may never happen, and which therefore renders such liability uncertain and indeterminable." *Austin v. Saveland's Estate,* 77 Wis. 108, 114, 45 N. W. 955.

The following test has been sometimes applied: Was the person whose estate is sought to be charged primarily or

secondarily liable? Was his liability contingent upon the failure of performance by one primarily liable?

We are convinced that the claim was not contingent within the meaning of the statute and that the failure to file it within the time limited by the order of the court was a bar to the action. *Barry v. Minahan,* 127 Wis. 570, 107 N. W. 488, and cases cited.

The point is raised in respondents' brief that the measure of damages for the breach of such a contract could not be the amount of the legacy agreed to be given, but would be the value of the consideration for the promise, and the cases of *Frieders v. Estate of Frieders,* 180 Wis. 430, 193 N. W. 77, and *Murtha v. Donohoo,* 149 Wis. 481, 134 N. W. 406, 136 N. W. 158, are referred to; but it becomes unnecessary to consider any other questions than those already discussed.

*By the Court.*—Order affirmed.

DOERFLER, J., took no part.