Note.—See under (1) Workmen's Compensation Acts, C. J. p. 67, § 56; anno. 6 A. L. R. 1467; 23 A. L. R. 336, 29 A. L. R. 698; 28 R. C. L. p. 895; 3 R. C. L. Supp. p. 1595; 4 R. C. L. Supp. p. 1855; 5 R. C. L. Supp. p. 1566. (2) 22 C. J. p. 664, § 758. (3) Workmen's Compensation Acts, C. J. pp. 122, 123, § 127; anno. L. R. A. 1917D, 188; 30 A. L. R. 1277; 28 R. C. L. p. 828; 3 R. C. L. Supp. 1600; 4 R. C. L. Supp. p. 1871, 5 R. C. L. Supp. p. 1580.

---

## In re CARTER'S ESTATE.
## MORRISSEY v. CARTER.

No. 15657—Opinion Filed Oct. 20, 1925.

(Syllabus.)

**Executors and Administrators—Lack of Assets—Refusal to Appoint Administrator.**

Where there are no assets of the estate of a deceased person, subject to the claim of creditors, and there is no other sufficient reason for the appointment of an administrator, the refusal of the court to appoint an administrator, in such case, is not an abuse of its discretion.

Error from District Court, Canadian County; O. L. Price, Judge.

In the matter of the estate of James M. Carter, deceased; application of Dan Morrissey for appointment of administrator, Mrs. James M. Carter protesting. Appointment refused, and applicant appeals. Affirmed.

H. T. Deupree and Porter H. Morgan, for plaintiff in error.

Ross & Thurman and Lucien Babcock, for defendant in error.

LESTER, J. This action was started in the county court of Canadian county on the 31st day of May, 1924, by Dan Morrissey, who alleged that he was a creditor of the estate of James M. Carter, deceased, and filed his petition as such creditor, asking in his petition that letters of administration on Carter's estate be issued to W. A. Smith. His petition was in regular form and alleged that said Carter died in Canadian county intestate and left property and estate in said county.

When the petition came on for hearing on the 13th day of June, 1924, after due notice had been given to the heirs, Mrs. James M. Carter, the widow, filed in said cause an answer to the petition praying for the appointment of an administrator, and protested against the court appointing an administrator of the estate of the deceased. After hearing was had upon the said application, the probate court of Canadian county denied the application of the petitioner. Thereafterwards, the petitioner appealed from the action of the probate court of Canadian county to the district court of Canadian county, where a trial was had de novo. The district court of Canadian county rendered a judgment denying the application of the petitioner, and the petitioner prosecutes this appeal to reverse said judgment.

The petitioner in his application for the appointment of administrator over the estate of James M. Carter, set forth that the said James M. Carter died intestate, on or about the 13th day of August, 1923, in the city of El Reno, county of Canadian, state of Oklahoma, and said deceased at the time of his death was a resident of El Reno, county of Canadian, state of Oklahoma; and said deceased left a personal estate of a value not to exceed $500. The petition was in regular form.

The widow of the deceased, Mrs. James M. Carter, set forth in her answer that the said Dan Morrissey, the petitioner, was not a creditor or heir of James M. Carter, deceased. She further specifically alleges and states that the said James M. Carter on account of illness was disabled for many months before his death, and that all of his property, money, assets of every description, were used and exhausted prior to his death in meeting the family expenses and

the expenses of the last illness of the said James M. Carter, and that at the time of his death James M. Carter had no real estate, cash, credits, or personal property of any description nor any choses in action, and therefore left no estate of any kind upon which any administration could be had, and that the appointment of administrator would be wholly useless, and consume the time of the court without benefit to any one and would result only in humiliation and embarrassment to the surviving widow and other heirs of James M. Carter, deceased.

Upon the hearing had in the district court, it was agreed and stipulated that Exhibit "A", being the transcript of the testimony taken in the county court, be introduced as evidence in the hearing of the district court. It appears that Mrs. James M. Carter was the only witness examined in the county court who gave testimony in reference to the value of the property of the deceased, James M. Carter. She testified that he possessed no property whatsoever, either real or personal, save and except his personal wearing apparel and one watch of the probable value of $20.

It was further stipulated that Dan Morrissey, the petitioner, in 1921, commenced an action in the district court of Oklahoma county against James M. Carter to recover damages for a false return of summons made by a deputy of J. M. Carter while J. M. Carter was sheriff of Canadian county. And in said action a judgment was rendered against Dan Morrissey and in favor of J. M. Carter, whereupon Dan Morrissey perfected an appeal to the Supreme Court of the state of Oklahoma without giving supersedeas bond and said appeal is now pending in said court. And that J. M. Carter died in Canadian county, August 13, 1923, and that prior to the filing of this petition no petition had been filed in this court or any court for appointment of administrator.

The petitioner urges that the court committed error in denying his application for the appointment of administrator and insists, as creditor of such estate, that it was the mandatory duty of the court to appoint an administrator for said estate.

We have carefully examined the authorities submitted by the plaintiff in error.

In Re Barlass' Estate, 143 Wis. 497, 128 N. W. 58, the court said:

"While it would undoubtedly be an abuse of discretion on the part of the county court to appoint an administrator in a case where it is conceded there is no estate or other statutory ground for the appointment, the deceased being a resident, yet it cannot be said that the act of appointment is beyond the jurisdiction of the court."

The plaintiff relies upon and quotes from the third paragraph of the syllabus prepared by this court in the case of Wolf et al. v. Gills et al., 96 Okla. 6, 219 Pac. 350. However, in this case the court said:

"While it would be an abuse of discretion for a county court to appoint an administrator for a deceased resident of the county where there is no estate or other statutory ground for the appointment, such appointment would not be void."

The case of Nickel et al. v. Vogel, 76 Kan. 625, 92 Pac. 1105, from which the plaintiff quotes at length, was a suit by an administrator for judgment on a note given to the deceased. On demurrer to the bill of particulars, the defendant contended that it appeared from the bill that any claims against the estate were barred by the statute of limitations, and therefore no claim against the estate could be allowed, and there was no estate for administration and the court was without jurisdiction. That case in no way involved the question which is before this court, because the note sued on constituted an asset of the deceased; however, the court in that case said:

"If it appears, as claimed in this case, there are no assets and no creditors, there would be no good reason for its continuance, and it might well be closed. If these facts appear when application for appointment of an administrator is made, the application might well be refused."

In the second paragraph of the syllabus in the case of Sandlin et al. v. Barker et al., 95 Okla. 113, 218 Pac. 719, it is said:

"Assets, as applied to decedents' estates, mean property, real or personal, tangible or intangible, legal or equitable, which can be made available for or may be appropriated to the payment of debts."

Section 1224, C. O. S. 1921, provides in part as follows:

"Upon the death of either husband or wife, * * * the following property must be immediately delivered by the executor or administrator to such surviving wife or husband, and child or children, and is not to be deemed assets, namely: * * * All wearing apparel and clothing of the decedent and his family. * * *"

In the case of In re Steel, Fed. Cas. No. 13346, it was said that the definition of the word "apparel" as given by lexicographers

is not confined to clothing, and that the idea of ornamentation seems to be a rather prominent element in the word, and that it is not improper to say that a man "wears" a watch and "wears" a cane. As used in Rev. St. Tex., art. 2397, exempting from execution all "wearing apparel" of the debtor, it includes a diamond stud worth $250, habitually worn by the debtor, during several years past, in the front of his shirt and for the purpose of fastening the shirt together. In re Smith (D. C.) 96 Fed. 832, 834, 835.

"Wearing apparel" is not confined in its meaning to clothing, but includes the idea of ornamentation as well. A watch and chain have been adjudged such. Brown v. Edmonds, 66 N. W. 310, 8 S. D. 271, 59 Am. St. Rep. 762.

From the evidence in this case it is clearly shown that the entire estate of the deceased consisted only of clothing that had been long worn, and a watch of the probable value of $20, and under the statute the family of the deceased was entitled to this property.

It is clearly shown by the evidence that the estate of the deceased, subject to the claims of his creditors, amounted to nothing, and the great weight of authority is to effect that where there is no other sufficient reason for the appointment of an administrator, except to take charge and administer the assets of an estate, and there are no assets, then in that event the refusal of the court to appoint an administrator is within the discretion of the court. And in this case we hold that the court did not abuse its discretion in refusing to appoint an administrator. Judgment of the court is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 24 C. J. p. 241, § 781.