Tony POWELL, Plaintiff in Error,

v.

Maggie A. MORROW, Defendant in Error.

No. 37809.

Supreme Court of Oklahoma.

March 4, 1958.

A. K. Little, L. D. Hoyt, Oklahoma City, for plaintiff in error.

P. D. Erwin, Chandler, for defendant in error.

PER CURIAM.

Plaintiff in error filed his petition in the county court of Lincoln county seeking, as a creditor, the appointment of an administrator for the estate of the deceased, Nancy C. Powell. The petition alleged that deceased died intestate on or about January 25, 1954, in Agra, Lincoln County, Oklahoma; that the "* * * deceased left estate, real and personal, in said county, and the value and character of said property, so far as known to your petitioner, are as follows, to-wit:" (an undivided interest in a described tract); that the estate does not exceed $2500; that Maggie A. Morrow is a daughter of deceased; that deceased died intestate and that petitioner is a creditor and entitled to Letters of Administration. Notice of the application was given defendant in error, and she filed objections in which she alleged that deceased owned no interest in the described property and that she had the prior right to appointment as administrator. The county court denied the application, and plaintiff in error appealed.

The trial in the district court was de novo. Plaintiff in error attempted to testify concerning the property owned by deceased and did introduce in evidence a deed which disclosed that the deceased had conveyed the property described in the petition, reserving only a life estate. He was then asked:

"Q. Do you know whether she had a bank account? A. Yes, she did."

Thereupon defendant in error objected to any testimony concerning property not

specifically pleaded in the petition for appointment of an administrator. From the colloquy of court and counsel, it appears that the court's ruling sustaining the objection was predicated upon the theory that testimony concerning other property was not embraced within the issues presented by the appeal from the county court. In response to counsel's question, the court indicated such would be his ruling on any further offer of proof. At the conclusion of the hearing the court sustained the action of the county court and denied the petition. Plaintiff in error appeals and urges that the court erred in its ruling on the admissibility of the evidence concerning assets of the deceased. We agree.

The petition contains all essential allegations necessary to jurisdiction, including the general allegation that the deceased "left estate, real and personal, in said county." This allegation is sufficient to authorize the proof of any estate of the deceased within the county, and the specific description of one tract of real estate does not limit the inquiry on the existence of assets subject to administration. The statutes do not require that all property be specifically listed. In view of the deed which disclosed that the deceased owned nothing more than a life estate in the described property, proof of other assets was required in order to justify the necessity of an administrator. Otherwise, plaintiff in error would have been confronted by our decisions, In re Carter's Estate (Morrissey v. Carter), 113 Okl. 182, 240 P. 727, and Wolf v. Gills, 96 Okl. 6, 219 P. 350, holding administration unnecessary on a creditor's application where there are no assets. Furthermore, the offer was not objectionable as a change of issues from those presented in the county court. The testimony would have been within the issues presented by the petition, as we have noted; and, in addition, it appears from the "Notice of Appeal" in the county court that proof of these assets was presented to the court at the hearing there.

Even though it appears that plaintiff in error, as a creditor, is probably not the person entitled to appointment as adminis-trator, in view of the daughter's request and statutory preference, he is nevertheless entitled to the appointment of an administrator for the estate if there are assets subject to administration.

In view of these considerations, the judgment is reversed with directions to grant plaintiff in error a new trial.

WELCH, C. J., and DAVISON, HALLEY, WILLIAMS, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.