AUSTIN, Appellant, vs. SAVELAND's ESTATE, Respondent.

*May 2 — May 20, 1890.*

*Claims against estates of decedents.*

1. An order limiting the time for presenting claims against the estate of a decedent, and a notice by the court, signed at the same time, appointing the times and place for the examination of such claims, are treated as one order and *held* effectually to limit the time for presenting such claims. *Brill v. Ide's Estate*, 75 Wis. 113, distinguished and questioned.

2. A joint and several note executed by the decedent, though not payable until after the expiration of the time limited for presenting claims, should be presented as a claim within that time, and the failure so to present it will bar the holder from a recovery thereon against the estate. Such a claim is not a contingent one, within the meaning of sec. 3858, R. S.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

A short time prior to December 7, 1880, Zachariah Saveland died testate. His will was admitted to probate on that day, and the executors named therein were thereupon appointed as such, and qualified. December 7, 1880, it was ordered by the county court, in effect, that all claims and demands of all persons against said deceased be received, examined, and adjusted before said county court; that six months from and after the said date thereof were thereby allowed and limited to creditors to present their claims against said deceased; and that, within ten days from that date, notice of the time and place at which said claims might be presented, and of the time limited for creditors to present their claims, be given by publishing the same for four weeks successively once in each week, in the Evening Wisconsin, a newspaper printed in the city of Milwaukee. Said order was made and signed: "By the Court. J. E. MANN, County Judge." Upon the same day a notice was thereupon accordingly made and signed: "By the Court. J. E. MANN, County Judge," reciting the granting of letters testamentary on said estate to the executors so appointed, and the allowing and limiting six months from and after that date for creditors to present their claims against said deceased for examination and allowance, and giving notice to the effect that said county court would, at regular terms thereof commencing on the first Tuesdays of May and June respectively, 1881, at the probate office in said city, "examine and adjust all claims and demands of all persons against the said Zachariah Saveland, deceased."

June 26, 1885, the said appellant presented his verified petition to said county court, and therein stated, in effect, that he had a valid claim against said estate which accrued July 19, 1884, and since the expiration of the time allowed

by law for creditors to present their claims against the same; that said claim consisted of the indebtedness of the deceased upon two promissory notes, each dated April 16, 1879, signed by C. W. Brigham and Z. Saveland, payable five years and three months after date thereof, in and by each of which the said Brigham and Z. Saveland, for value received, severally and jointly promised to pay to said *Edward Austin* or order the sum of $500, and interest thereon, payable annually, at the rate of seven per cent. per annum; that there was due to the petitioner upon said notes the whole amounts named therein, with interest from their date, — and prayed for an order allowing said claim against said estate, and for an order fixing the time and place when and at which the petitioner might be heard upon said claim and prove the same. Thereupon the said county court ordered the said executors to show cause why said claim should not be filed and heard, and providing for the service of such petition and order. July 6, 1885, the said executors appeared by their attorneys, and demurréd to said petition upon the ground that it appeared on the face thereof, and from the records and files therein referred to, that said claim was barred by sec. 3844, R. S., and because the petition did not state facts sufficient to constitute a cause of action, and that said court had no jurisdiction to grant the relief sought.

Upon the hearing of said demurrer, September 27, 1888, it was ordered by said county court that the prayer of said petitioner be and the same was thereby denied, and said claim be and the same was thereby disallowed, for the reason that the statutory time had expired in which claims could be filed, proved, and allowed against said estate. From that order and decision the said appellant appealed to the circuit court, when by stipulation an amended verified petition was filed, to the effect stated in the prior petition, and also the facts mentioned, and giving the con-

sideration of the notes, alleging that the said deceased signed the same as surety for Brigham; that at no time prior to July 19, 1884, could the petitioner have enforced the collection or payment of the same from said estate; that Brigham had failed and neglected to pay said notes, or either of them, or any part thereof, and was insolvent and irresponsible; that said estate consisted of a large amount of real and personal property; that said claim had been presented for allowance within one year after said notes became due and payable, and before there had been any distribution, or order of distribution, of said estate; that there were sufficient assets in the hands of the executors to pay said claim. To that petition the said executors demurred upon the same grounds stated in the demurrer to the former petition. From the order sustaining such demurrer, with costs and leave to amend said petition or claim, the plaintiff appeals.

For the appellant the cause was submitted on the briefs of *Turner & Timlin.* They contended, *inter alia,* that the decedent being merely a surety, and the principal debtor not having defaulted until after the time limited for the presentation of claims against the estate, the claim was a contingent one which might have been presented either under sec. 3858 or sec. 3860, R. S. 3 Addison on Cont. (Morgan's ed.), sec. 1111; *Ernst v. Nau,* 63 Wis. 139; *Mann v. Everts,* 64 id. 372; *Ex parte Adney,* Cowp. 460; *Hoffham v. Fondrinier,* 5 Maule & S. 21; *Woodard v. Herbert,* 24 Me. 358; *Webster v. Lawson's Estate,* 73 Wis. 571; *Logan v. Dixon,* id. 533.

For the respondent there was a brief by *Finches, Lynde & Miller,* and oral argument by *B. K. Miller, Jr.*

CASSODAY, J. It is claimed by the learned counsel for the plaintiff that the order made by the county court December 7, 1880, limiting the time for creditors to present their

claims against said estate to six months from the date thereof, was inoperative as a limitation by reason of the failure therein to "appoint convenient times and places when and where the court" would "receive, examine, and adjust such claims," as indicated in sec. 3839, R. S.; and *Brill v. Ide's Estate*, 75 Wis. 113, is relied upon in support of such contention. In that case the order made by the county court not only failed to make such appointment, but the only appointment made purported to have been made by the "county judge" instead of "the county court," as prescribed in the section cited. The case at bar is clearly distinguishable, in that such appointment purports to have been made: "By the court. J. E. MANN, County Judge," at the same time as the making of the order of limitation. We must therefore regard both papers or orders together as really constituting one order in law, and hence effectual as an order of the court limiting the time for creditors to present their claims against said estate. It may be proper here to say that since the decision of that case we have had some doubt as to its soundness, especially in so far as it is there indicated that such appointment could only be effectual when actually incorporated into the order of limitation itself. That it is the better practice to so incorporate the appointment in such order is manifest, but such incorporation certainly cannot be essential where, as here, they are both made by the same court and at substantially the same time. The extent to which the case cited will be recognized as authority is hereby reserved for future consideration.

The plaintiff's claim was not filed, presented, or exhibited to the court until more than four years after the time so limited for creditors to present their claims for allowance had expired. The statute declares, in effect, that every person having such claim, who fails to exhibit the same to the court "within the time limited for that purpose, shall

be forever barred from recovering such demand, or from setting off the same in any action whatever." Sec. 3844, R. S. This court has held, as to resident creditors, that such bar does not merely affect the remedy, but extinguishes such right of recovery as to all claims proper to be allowed within the time limited. *Carpenter v. Murphey,* 57 Wis. 541. See *Hartman v. Fishbeck,* 18 Fed. Rep. 291. Since the notes were not due until some years after the time so limited for presenting claims had expired, it is urged that they were not provable against the estate during the time so limited. But sec. 3843, R. S., expressly empowers the court "to try and decide upon all claims which by law survive against or in favor of the executors and administrators," not therein excepted, and to "examine and allow all demands, at the *then present value* thereof, which may be *payable at a future day,* . . . and may offset such demands in the same manner in favor of the estate." So the statute provides, in effect, that when two or more persons shall be indebted on any joint contract, and either of them shall die, his estate shall be liable therefor, and the claim may be allowed by the court as if the contract had been joint and several. Sec. 3848, R. S. By the notes in question, the deceased and Brigham, "*severally* and jointly, promised to pay" the amounts named to the plaintiff or order. Manifestly, these notes were provable as a claim against the estate within the time limited in the order. This disposes of the contention that the notes in question constituted a contingent claim within the meaning of sec. 3858, R. S., and hence provable within the time prescribed by sec. 3860, R. S., as construed by this court. *Ernst v. Nau,* 63 Wis. 134; *Mann v. Everts,* 64 Wis. 372; *Logan v. Dixon,* 73 Wis. 533; *Webster v. Estate of Lawson,* 73 Wis. 561. The plaintiff was not liable thereon as security for the deceased, and the same was not a contingent claim against

the estate, which could not be proved as a debt before the court, within the meaning of sec. 3858, R. S. The "several and joint" liability of the deceased and Brigham to the plaintiff was an absolute liability, and it was none the less absolute because the notes did not become due until after the time limited in the order. A contingent claim, within the meaning of the statutes, is one where the absolute liability depends upon some future event, which may never happen, and which therefore renders such liability uncertain and indeterminable. *Sargent's Adm'r v. Kimball's Adm'r,* 37 Vt. 320; *Edwards v. Roepke,* 74 Wis. 575; *Foster v. Singer,* 69 Wis. 392. This is not such a claim.

*By the Court.*— The order of the circuit court is affirmed.