WISCONSIN FACE & FIRE BRICK COMPANY, Respondent, vs. SOUTHERN SURETY COMPANY, imp., Appellant.

*November 19—December 8, 1925.*

*Appeal and error: Record: Motion to strike part of answer: When equivalent to demurrer: Building contracts: Action on completion bond: Failure of materialman to notify surety of contractor's insolvency not defense.*

1. Ordinarily, a motion to strike out parts of an answer is not one involving the merits or necessarily affecting the judgment, and does not appear upon the face of the record in the absence of a bill of exceptions, as the error in granting the motion may have been cured during the course of the trial by the admission or exclusion of testimony. p. 387.

2. Error is not presumed, but it must be made to appear affirmatively. p. 387.

3. A motion to strike out a separate defense which challenges the legal sufficiency of facts alleged is in legal effect a demurrer, though not in the form contemplated by sec. 2658, Stats. 1923, and the defendant is entitled to a review of the order striking such defense, in view of sec. 3070, though no exception was taken thereto. p. 387.

4. In an action by a materialman against a contractor and its surety, a separate defense of the surety that it was absolved from liability because the materialman knew of the contractor's insolvency and did not apprise it of that fact, and further that plaintiff had security for its material by way of lien, was properly stricken as setting up no defense, there being no allegation that damages resulted to the surety or that the material delivered was not necessary to the completion of the work, and it not appearing that the surety might have done anything which it did not do to protect itself against liability with respect to the claim sued upon. p. 388.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

Suretyship. The Bonnett Construction Company entered into a contract with the Layton Park Evangelical Lutheran Congregation whereby the Bonnett Construction Company was to furnish all the materials and perform all the work prescribed in the specifications entitled "Concrete and mason

work." The defendant surety company executed a bond. on behalf of the Bonnett Construction Company, the condition of which was as follows:

"The condition of the above obligation is such that if the above bounden principal shall well and truly keep, do, and perform each and every, all and singular, the matters and things in said contract set forth and specified to be by said principal kept, done, and performed at the same time and in the manner in said contract specified, and shall pay over, make good, and reimburse to the above named obligee all loss and damage which said obligee may sustain by reason of failure or default on the part of said principal, and shall pay to each and every person or party entitled thereto all claims for work or labor performed and materials furnished for or in or about or under such contract, then this obligation shall be void, otherwise to be and remain in full force and effect."

The plaintiff entered upon the performance of its contract with the construction company, delivered brick to be used and which were in fact used in the construction of the building. The construction company failed to pay for the brick so delivered and used, and in its first cause of action the plaintiff seeks to recover the remainder due it on account of the sale and delivery of such brick. For the second cause of action plaintiff alleges a like situation: that the contract of the construction company was to provide all the materials and perform all the work for the doing of the concrete, cement, and mason work in the erection of a schoolhouse for school district No. 4 in the village of Shorewood. In its complaint the plaintiff alleges with reference to each cause of action that it knew of the execution and delivery of the bond and sold and delivered the materials furnished to the construction company in reliance upon it. By its answer the surety company admitted the making of the contracts, the execution and delivery of the bond, the delivery of the materials, alleged that the contract

under which the Bonnett Construction Company did its work required the owner to make payments on account as provided in the general conditions of the contract in sums proportionate to the estimated value of the work done and materials wrought into the building, fifteen per cent. to be retained out of each payment until final completion of the contract; final payment to be made sixty days after the completion of the work; alleged that payments were made in disregard of this clause of the contract; that the defendant had in no manner waived the provisions of article 4 relating to payments.

The defendant alleges as a second and separate defense that the plaintiff, during the time the contract was being performed, acquired certain knowledge and information in relation to the solvency and financial standing of the Bonnett Construction Company, learned that it was unable to pay its bills; that the surety company had no knowledge of such financial standing and was misled in respect thereto by the misrepresentations of the Bonnett Construction Company; that the plaintiff claimed the benefit of the bond as a contract made for its benefit; that it was the duty of the plaintiff to apprise the surety company of the knowledge and information it had with respect to the solvency and financial standing of the construction company; that instead of communicating such knowledge it continued to furnish such building materials "without notifying this answering defendant so that it could protect itself from loss and damages, which the said plaintiff well knew would result to this answering defendant;" that by reason of the failure of the plaintiff to notify the surety company of the facts within its knowledge, the surety company was discharged of liability to the plaintiff on the bond; and it further claimed that plaintiff had ample security for its claim by reason of its right to a mechanic's lien upon the property upon which the building was constructed. This separate defense was

set out in paragraphs 10 to 17, inclusive. The second cause of action was for the material furnished in building the schoolhouse and contains substantially the same allegations.

The plaintiff moved to strike out certain parts of the answer for the reason that said parts more particularly described are sham, frivolous, and irrelevant. The motion coming on for a hearing, the court struck out those allegations which were designated by the surety company as and for a separate defense, being paragraphs 10 to 17, inclusive, relating to the first cause of action, and like allegations of the answer relating to the second cause of action. An appeal was taken from the order striking out parts of the answer to this court; the defendant surety company, however, deeming such order not appealable, dismissed the appeal. The case was tried and there was judgment for the plaintiff upon both causes of action. From the judgment the defendant surety company appeals.

*Joseph E. Tierney* of Milwaukee, for the appellant.

For the respondent there was a brief signed by *Alexander & Burke*, attorneys, and oral argument by *Giles F. Clark*, of counsel, all of Milwaukee.

ROSENBERRY, J.    The only error assigned upon this appeal is that the court erred in striking out those parts of the answer which the defendant surety company claims constituted a separate defense to the plaintiff's first cause of action. It is conceded that, the second contract being with a school district, sec. 3327a, Stats., is applicable and there would be no discharge of the surety. The defendant contends that it is entitled to review of the order striking out its separate defense in the first cause of action under the provisions of sec. 3070:

"Upon an appeal from a judgment, as well as upon a writ of error, the supreme court may review any intermediate order or determination of the court below, which involves the merits and necessarily affects the judgment, appearing

upon the record transmitted or returned from the circuit court, whether the same was excepted to or not; nor shall it be necessary in any case to take any exception or settle any bill of exceptions to enable the supreme court to review any alleged error which would, without a bill of exceptions, appear upon the face of the record. . . ."

The plaintiff contends that a motion to strike is not a motion which involves the merits and necessarily affects the judgment, and that in any event it does not appear upon the face of the record in the absence of a bill of exceptions, citing *Will of Britt,* 174 Wis. 145, 182 N. W. 738; *Cornell v. Davis,* 16 Wis. 686; *Williams v. Holmes,* 7 Wis. 168; *Kirch v. Davies,* 55 Wis. 287, 11 N. W. 689, and other cases. We are not disposed to depart from this well established rule. Error is not presumed, but under the law of this state it must be made to appear affirmatively. An error in granting a motion to strike may be cured during the course of the trial by the admission or rejection of testimony. Therefore it is not ordinarily one which necessarily affects the judgment.

A situation is presented by the facts in this case, however, which distinguishes it from an ordinary motion to strike. So far as it relates to paragraphs 10 to 17, inclusive, of the defendant's answer, it challenged the legal sufficiency of the facts set out as a defense to the plaintiff's first cause of action. It was therefore in legal effect not a motion to strike but a demurrer to a separate defense. By the provisions of sec. 263.17 (sec. 2658) the plaintiff may within twenty days demur to the answer or any defense therein when upon the face thereof it does not state facts sufficient to constitute a defense. A demurrer to a pleading is under our practice a part of the record, and upon appeal it appears upon the face of the record without a bill of exceptions. Manifestly the plaintiff ought not, by the mere form of his motion, to deprive the defendant of a right given to him by law in this jurisdiction. Calling a demurrer a

motion to strike does not in any manner change its legal effect. This precise question does not appear to have been presented to this court. It has been so held in other jurisdictions. *Union B. Co. v. Ehlhardt,* 139 Mo. App. 129, 120 S. W. 1193; *Knisely v. Leathe,* 256 Mo. 341, 166 S. W. 257. See, also, *Bank of Commerce v. Fuqua,* 11 Mont. 285, 28 Pac. 291. We do not adopt the Montana rule. An ordinary motion to strike matter as redundant, surplusage, scandalous, or other like reason, not raising the question of the legal sufficiency of an answer or a part thereof, pleaded as a separate defense, cannot be considered as a part of the record within the established rules of practice of this court. It is therefore held that the defendant surety company upon appeal from the judgment is entitled to have reviewed the order of the circuit court striking out its separate defense stated in the paragraphs above referred to.

It is quite plain that the trial court correctly held that the facts stated did not constitute a separate defense to the action. We have repeatedly discussed the law relating to the discharge of paid sureties. The most recent discussion is that contained in *Maryland Casualty Co. v. Eagle River Union F. H. S. Dist., post,* p. 520, 205 N. W. 926. No facts are alleged in the answer which show that any damage resulted to the surety. So far as anything appears, it appears to the contrary. Its bond required it to furnish the material and labor and complete the building. There is no allegation that the material delivered was not necessary to the completion of the work which the construction company undertook and for default in the completion of which the surety company was liable, nor does it appear that the surety company might have done anything which it did not do to protect itself against liability with respect to the claim sued upon. Therefore no defense was stated, and the trial court correctly held the separate defense legally insufficient and in effect sustained a demurrer to it.

*By the Court.*—Judgment affirmed.