GILBERT, Respondent, vs. HOARD, Appellant.

*April 2—April 29, 1930.*

For the appellant there was a brief by *Hooker & Wagner* of Waupun, and oral argument by *E. W. Hooker*.

For the respondent there was a brief by *Clark & Lueck* of Beaver Dam, and oral argument by *Arthur W. Lueck*.

FOWLER, J. The plaintiff moved to strike certain allegations from defendant's answer on the ground that they did not constitute a defense. The court granted the motion to strike. The defendant appeals from the order granting the motion.

It has been definitely decided by this court that an order striking matter from a complaint on the ground that it is irrelevant is not appealable. *Wiesmann v. Shanley,* 124 Wis. 431, 102 N. W. 932. Following this it was decided that an order striking matter from an answer as irrelevant is not appealable. *Gooding v. Doyle,* 134 Wis. 623, 115 N. W. 114; *State v. Lewis,* 164 Wis. 363, 159 N. W. 746. To challenge matter as not defensive as is here done is in effect the same as to challenge it as irrelevant. The court has no jurisdiction to entertain an appeal from a non-appealable order (*Wiesmann v. Shanley, supra*); and jurisdiction to entertain such an appeal cannot be conferred by consent. *Hyde v. German Nat. Bank,* 96 Wis. 406, 71 N. W. 659; *In re Minnesota & Wisconsin R. Co.* 103 Wis. 191, 79 N. W. 753; *Wisconsin Real Estate Co. v. Milwaukee,* 151 Wis. 198, 201, 138 N. W. 642.

An order granting a motion to strike out a portion of an answer pleaded as a separate defense may be reviewed on appeal on the ground that it is in effect an order sustaining a demurrer. *Wisconsin F. & F. B. Co. v. Southern S. Co.* 188 Wis. 383, 206 N. W. 204. But this does not warrant

reviewing an appeal from an order striking out a portion of an answer not so pleaded, as a demurrer does not lie to a portion not so pleaded. *Gooding v. Doyle, supra.* It seems manifest that before one can demur or give effect as a demurrer to a motion to strike a portion of an answer on the ground that it does not constitute a defense, he must require the defendant to state his defenses separately, if more than one be stated.

We call attention to the case of *Home Acres Co. v. Swenson-Dibble L. Co.* 179 Wis. 556, 192 N. W. 42, wherein an appeal from an order striking out portions of an answer and counterclaim was entertained and the order reversed. The right of appeal was not challenged in that case and neither the rule of practice or as to jurisdiction as laid down in the cases first cited was called to the attention of or considered by the court. The case last cited, so far as it conflicts with the established practice and rule, is overruled.

*By the Court.*—The appeal is dismissed.