LEHNER, Appellant, vs. BERLIN PUBLISHING COMPANY and others, Respondents.

*November 7—December 6, 1932.*

538

For the appellant there was a brief by *Lehner & Lehner*
of Princeton, attorneys, and *John E. O'Brien* of Fond du

Lac of counsel, and oral argument by *Mr. O'Brien* and *Mr. Philip Lehner* in pro. per.

*Norman Wood* of Berlin, attorney, and *T. L. Doyle* of Fond du Lac of counsel, for the respondents.

ROSENBERRY, C. J.   The making and filing of the affidavit and the issuance of the order by Judge DAVISON thereon are admitted without dispute.   Likewise the publication of the article is admitted.   We hold, as the trial court held, that the statute, sec. 331.05 (1), which provides:

"The proprietor, publisher, editor, writer or reporter upon any newspaper published in this state shall not be liable in any civil action for libel for the publication in such newspaper of a true and fair report of any judicial, legislative or other public official proceeding authorized by law or of any public statement, speech, argument or debate in the course of such proceeding,"—

when complied with, affords the publisher and the reporter complete immunity; in other words, the privilege is unconditional.   See *Ilsley v. Sentinel Co.* 133 Wis. 20, 113 N. W. 425.

In this case there is no dispute in the evidence as to the character of the action, the circumstances under which the publication was made, and whether or not the communication was privileged.   The claim here is that the privilege is lost by reason of the fact that the publication is not a true and fair report of the proceeding that actually took place. Whether or not there has been an abuse of the privilege, the facts otherwise not being in dispute, is a question of law for the court.   *Byrne v. Funk,* 38 Wash. 506, 80 Pac. 772. See, also, 37 Corp. Jur. p. 106, § 553 and cases cited.

This brings us to the question of whether or not the article published was a true and fair report of the proceeding had before Judge DAVISON.   The matters complained of in

the complaint as constituting unfairness are that it appears there had been an effort to have a continuance of the hearing; that the order was granted in the absence of the plaintiff in this action; that "the order expressly refused to vacate said judgment for the reasons or any statements quoted in said article, but expressly limited the reason for vacating said judgment by stating: 'That the court is of the opinion that the defendant should have her day in court and that justice demands that the defendant be given her day in court and permitted to file an answer.' "

No lawyer would attempt to say that the order to show cause issued by Judge DAVISON was not based upon the affidavit made by Mrs. Kelm in support of the motion. The court refers in the recitals to the fact that she did not understand the stipulation, a matter fully dealt with in the affidavit; that she was not fully advised of her rights and other matters set out in great detail in the affidavit; and further, that the award of alimony was inadequate and unjust, all of which are matters covered by the affidavit. The recital in the order to the effect that the defendant should have her day in court means no more than that the judgment should be vacated and the defendant given an opportunity to go to trial. It was vacated because of facts set forth in the affidavit. If it had not been for the other matters alleged in the affidavit with great particularity, the defendant would not have been entitled to her day in court. She would have been foreclosed by her stipulation. The omission to state that the order recited that the plaintiff had not appeared in court and had sent a letter to the court that he would be unable to appear in court and asked that the matter be adjourned, in no way colored the statements made in the affidavit. As was observed by the trial court, the matters contained in the affidavit which are omitted in the article contain nothing favorable to the plaintiff. In fact if the affidavit had been published in full, an uninformed reader might draw

inferences therefrom which would be much more prejudicial to plaintiff than any which might be drawn from the article as published.

We concur in the view of the trial court that the article was a true and fair report of a judicial proceeding.

*By the Court.*—Judgment affirmed.