WILLIAMS, Appellant, vs. JOURNAL COMPANY, Respondent, and others, Defendants.

*February 8—May 9, 1933.*

For the appellant there were briefs by *Gold & McCann,* attorneys, and *W. G. Sullivan* of counsel, all of Milwaukee, and oral argument by *Mr. Sullivan* and *Mr. Walter L. Gold.*

For the respondent there were briefs by *Miller, Mack & Fairchild,* and oral argument by *J. Gilbert Hardgrove,* all of Milwaukee.

The following opinion was filed March 7, 1933:

FRITZ, J. The complaint has seven causes of action for libel based on seven newspaper articles published by the defendant, and an eighth cause of action for conspiracy to libel based on those articles and two others. The defendant answered setting up numerous separate defenses in bar, and also various matters in justification and in mitigation as to each cause of action. Plaintiff in nine motions moved, on various grounds, to strike out some of the allegations of the answer, and also to have other portions of the answer made more definite and certain. Several of those motions were to strike out certain allegations, which were pleaded as constituting in their entirety a separate defense in bar, on the ground that those allegations considered as a unit did not constitute, as was stated in the answer, defenses in bar to the fourth and fifth causes of action. The learned circuit judge held that the motions which challenged the sufficiency of certain sets of facts, which were pleaded as constituting entire and separate defenses to the fourth and fifth causes of action, respectively, were in legal effect demurrers to those defenses, and as such reached back so as to test the sufficiency of the fourth and fifth causes of action to which

those sets of facts were pleaded as defenses in bar. That ruling is not challenged now. A motion to strike out in its entirety a separate defense is, in its legal effect, a demurrer. *Wisconsin F. & F. B. Co. v. Southern Surety Co.* 188 Wis. 383, 387, 206 N. W. 204; *Gilbert v. Hoard,* 201 Wis. 572, 230 N. W. 720. Consequently it was proper to apply the rule that on demurrer the court will consider the whole record and give judgment for the party who thereon appears entitled to it unless the defect in the complaint is of such character that it may be waived by answering. 1 Chitty, Pleading (8th Am. ed.) *668; 3 Bryant's Wisconsin Pleading & Practice (2d ed.) § 343; *State ex rel. Leiser v. Koch,* 138 Wis. 27, 119 N. W. 839; *Whitewater v. Richmond,* 204 Wis. 388, 393, 235 N. W. 773; *Wisconsin F. & F. B. Co. v. Southern Surety Co., supra.*

However, the defendant contends on its notice to review that the rule should have been applied also to certain other motions by the plaintiff to strike certain allegations, which are only part of the allegations pleaded as constituting in their entirety a separate defense, and which plaintiff moved to have stricken because they do not "either alone or in connection with other allegations of said answer" set forth facts sufficient to constitute a defense to the eighth cause of action. In that connection defendant urges that because such other motions challenge the sufficiency of some of the allegations as matters of defense to the eighth cause of action, and that cause of action is based on all of the articles on which the first seven causes of action are based, in conjunction with two other articles, the legal effect of such other motions is likewise a demurrer reaching back to test the sufficiency of the allegations of each of the eight causes of action. No precedent has been cited in support of that contention. Those other motions do not challenge the sufficiency of the allegations, which are pleaded in their entirety, as a separate defense; and plaintiff's motion challenges their sufficiency

solely as constituting a defense to the eighth cause of action. Although some of the matters thus alleged are pleaded as in mitigation of damages, under any of the first seven causes of action and by reason of the publication of an article complained of in the eighth cause of action, they are challenged as insufficient to constitute a defense only in relation to the eighth cause of action. On the one hand, those other motions do not challenge the sufficiency of allegations pleaded as a defense in bar, in its entirety; and, on the other hand, the challenge as to insufficiency is confined to the eighth cause of action. Under those circumstances, the court did not err in refusing to treat those other motions as demurrers to defenses set forth in answer to the other causes of action than the fourth and fifth of the complaint, and defendant is entitled to no relief on its notice of a review of the order appealed from by plaintiff. *Gilbert v. Hoard, supra.*

On plaintiff's appeal, error is assigned because of the court's refusal to grant plaintiff's motions to strike, and to make more definite and certain certain allegations of the answer. However, plaintiff concedes that orders denying such motions are not appealable. Plaintiff is not entitled to appeal from and have a review of those denials at this time. *Dewald v. Dewald,* 89 Wis. 353, 62 N. W. 175; *Gilbert v. Hoard, supra.*

Plaintiff also assigns as error the court's ruling that the facts alleged in the fourth and fifth causes of action were insufficient upon demurrer. The fourth cause of action is based upon the publication on May 8, 1929, of alleged false and defamatory matter in a newspaper article which is as follows:

"RECORDS BACK JURY FINDINGS.

*"Sale of School Site, Fees from Railroad are Shown.*

"Although the proceedings of a grand jury must remain secret and no names are mentioned, because of legal restrictions, in the report of the jury returned to Judge GEORGE A.

SHAUGHNESSY Tuesday afternoon, it has been possible to investigate public records and obtain facts concerning practically all of the activities that the jury so severely condemned. . . .

"The report says: 'Our attention has been called to instances where a member of the city attorney's staff has, while so employed, accepted retainers from a local carrier. . . . We believe this to be bad in principle—opens a wide field of temptation—raises grave question of positive damage in case of future conflict of interest.'

### "*Took Fees from Road.*

"The records show Clifton Williams, Special Assistant City Attorney, at a salary of $1,000 a month accepted fees of some $800 from the Milwaukee Road and appeared for the road in court in several instances in connection with the North Avenue terminal. The record also shows that the road is now demanding that the Railroad Commission refund twenty-five per cent. of the amount paid to Mr. Williams. . . ."

It will be noted that a portion of that article is quoted from a report of a grand jury. The balance thereof comments on that report, and also mentions plaintiff and his receipt of compensation for services as attorney for the city, and the railroad. By way of inducement, in connection with the fourth cause of action, there are allegations to the following effect: That on May 15, 1924, plaintiff, as an attorney at law, had accepted an offer from the city attorney of the city of Milwaukee to perform legal services in assisting him in the conduct of important litigation, in which the city was involved; that plaintiff was permitted to accept professional employment from persons other than the city; that he was to be paid for his services for the city at per diem rates of $75 and $100; that pursuant to that retainer he performed services for the city until December 31, 1929, and that during that period he was the only attorney rendering legal services to the city, who was designated and known as the

"Special Assistant City Attorney." During that period the city urged the execution by the Chicago, Milwaukee & St. Paul Railroad Company of an order of the Railroad Commission requiring the depression of tracks within the city; that the railroad contended it was delayed because of the necessity of obtaining a new freight depot site, which it had difficulty in acquiring because of doubt as to the right of condemnation; that plaintiff insisted that the railroad company's contention was not well founded and, with the consent of the city attorney, plaintiff accepted employment from the company to conduct proceedings for the condemnation of the site, which he conducted successfully. A grand jury impaneled in the municipal court of Milwaukee county on May 7, 1929, filed an unauthorized and illegal report with that court, which report has been stricken out by order of the state supreme court.

In so far as that article of May 8, 1929, upon which the fourth cause of action is based, was a true and fair report of a statement in the grand jury's report, which was filed with the court on May 7, 1929, and continued on file until stricken after May 8, 1929, the publication of that statement in defendant's newspaper was unconditionally privileged under the provision in sec. 331.05, Stats., that—

"The proprietor, publisher, editor, writer or reporter upon any newspaper published in this state shall not be liable in any civil action for libel for the publication in such newspaper of a true and fair report of any judicial, legislative or other public official proceeding authorized by law or of any public statement, speech, argument or debate in the course of such proceeding."

The privilege which exists by virtue of that statute is unconditional. *Lehner v. Berlin Pub. Co.* 209 Wis. 536, 245 N. W. 685. The grand jury's report was a public statement made in a judicial proceeding, and the municipal court per-

mitted it to be filed on May 7, 1929, and remain on file until it was subsequently ordered stricken, after a decision on an appeal to this court. In the meantime it was on record by order of the municipal court as a public statement in a judicial proceeding, which continued from the time of the impaneling of the jury until its discharge. Although, as this court subsequently decided (*Report of Grand Jury*, 204 Wis. 409, 235 N. W. 789), it was error for the municipal court to receive the report and to refuse to strike it from its files, nevertheless it was for the time being on record as a public statement made in the course of a judicial proceeding. Until it was subsequently stricken from the files it was like any other irrelevant or incompetent matter that has become part of the record by reason of an erroneous judicial ruling. If by judicial error defamatory matter, which is wholly irrelevant, was incorporated in findings of the court, the proprietor of a newspaper, in which the findings have been reported, should not be denied the privilege from liability afforded by sec. 331.05, Stats., if, subsequent to the publication of the report, the court ordered the defamatory matter stricken from the findings. Proprietors, publishers, editors, writers, or reporters upon newspapers are not liable under such circumstances by virtue of sec. 331.05, Stats., even though others, who are not within that class, may be liable (*Bussewitz v. Wisconsin Teachers' Asso.* 188 Wis. 121, 205 N. W. 808) for any report of such defamatory matter if it is not pertinent and relevant to the issue.

On the other hand, in so far as portions of the article complained of in the fourth cause of action are not a report of the grand jury's report, it appears from the plaintiff's allegations that those portions are substantially true in so far as they can be said to relate to the plaintiff. Thus he has alleged that he was designated as the Special Assistant City Attorney, and was to be paid at rates of $75 and $100 per

day; and that he accepted employment from the Chicago, Milwaukee & St. Paul Railroad Company to conduct its condemnation proceedings, which he did successfully. That being true as to his relations with the city, and the range of the compensation which he was entitled to receive from that source, there was no material falsity, and no defamation, in the statement that the records designated him as such Special Assistant City Attorney at a salary of $1,000 a month. That amount, was well within the maximum which he was entitled to earn under his per diem agreement. Likewise, in view of his allegations as to his having accepted employment from the Chicago, Milwaukee & St. Paul Railroad Company, and having successfully conducted condemnation proceedings to acquire a freight depot site, which it had difficulty in acquiring, there was no material falsity and no defamation in stating that the records show that he accepted fees of some $800 from the Milwaukee Road, and appeared for the road in court in several instances in connection with the North Avenue terminal. Manifestly, in the light of the extraneous facts stated in plaintiff's complaint, in those respects, it would seem that all of those statements are substantially true and not false.

True, plaintiff did not allege that he accepted the amount of $800 as his fees from the railroad. But, in view of his allegations as to the difficulty in the condemnation proceedings, his success in conducting them for the railroad, and his per diem fees of $75 and $100 per day for his professional services, the mere mentioning of $800 as the amount which he accepted, and which would be but reasonable compensation for services of such extraordinary character and benefit to his client, did not render the article libelous and actionable. It is, of course, elementary that the truth of a charge is a complete defense to a civil action for defamation in the absence of statutory provisions to the contrary (17

Ruling Case Law, p. 325, § 69; 36 Corp. Jur. p. 1231, § 193); and, in this state, the rule is that the substance of a charge only need be proven true. *Nehrling v. Herold Co.* 112 Wis. 558, 567, 88 N. W. 614; *Putnam v. Browne,* 162 Wis. 524, 531, 155 N. W. 910.

Likewise, there was no defamation of the plaintiff in the statement that "The record also shows that the road is now demanding that the Railroad Commission refund twenty-five per cent. of the amount paid to Mr. Williams." That does not state that any refund was being demanded of the plaintiff, or that he was to make any refund of the amount which had been paid to him, or that the amount thereof was excessive or otherwise unfair. Manifestly, as an order for a refund by the commission lawfully could be made only in relation to parties and matters within the jurisdiction of the commission, and as it appears from plaintiff's allegations that the commission had been exercising jurisdiction in the track-depression proceedings, in which the city and the railroad were the interested parties, the statement in the article about the railroad demanding that the commission refund twenty-five per cent. of the amount paid to plaintiff related solely to a refund as between the city and the railroad. Whatever may have been the legal basis for demanding the refund as between the city and the railroad, there is nothing in the statement regarding it that is to the discredit or prejudice of plaintiff.

In the article complained of in the fifth cause of action the plaintiff is not mentioned by name. Neither from that article nor the extraneous facts, which are alleged in the complaint by way of inducement, can it be ascertained that the plaintiff was the particular person to whom the statements in that article related. The nearest approach in that article to an identification of any person is the statement that "a member of the city attorney's staff has accepted such retainers from a

local carrier." That, however, does not identify the plaintiff as the particular member of that staff to whom that statement is intended to refer. Although it is alleged in the complaint by way of inducement that the plaintiff is the only attorney rendering professional services to the city who was known as the Special Assistant City Attorney, and that he accepted employment from the Chicago, Milwaukee & St. Paul Railroad Company to condemn a freight depot site, it is not alleged and .it does not otherwise appear that there were not also other members of the city attorney's staff who also accepted retainers from a local carrier, and to whom consequently that article was equally applicable and was intended to refer. Because the statements complained of in the article upon which the fifth cause of action is based do not refer to some ascertained and ascertainable person, they are not libelous.

"It is well settled that defamatory words must refer to some ascertained or ascertainable person and that that person must be the particular plaintiff. Statements are not libelous unless they refer to some ascertained or ascertainable person." *Schoenfeld v. Journal Co.* 204 Wis. 132, 235 N. W. 442.

It follows that the court did not err in holding that the facts alleged in the fourth and fifth causes of action are insufficient upon demurrer.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on May 9, 1933.