FLEISCHMANN and others, Appellants, vs. REYNOLDS and others, Respondents.

*September 12—October 9, 1934.*

For the appellants the cause was submitted on the briefs of *Fred L. Luehring,* attorney, and *Gabel, Dineen, McCarty & Young* of counsel, all of Milwaukee.

For the respondents there was a brief by *Ernst von Briesen,* and oral argument by *H. E. Bertram,* both of Milwaukee.

FOWLER, J.  Counsel for the parties agree that the allegations of the complaint state a cause of action for partition of real estate.  The answer of the defendants Reynolds denies none and admits all of these allegations, and states no matter constituting a defense.  The plaintiffs moved the court to strike the answer as frivolous and to set the case down for hearing as a default.  Before this motion was heard the parties stipulated for dismissal of the portion directed to getting the case set for hearing as a default.  Upon the hearing of the motion the court entered an order dismissing without prejudice the motion to set the case for hearing and denying the motion to strike. · After denial of the motion to strike the plaintiff demurred to the answer for the reason that it does not state facts sufficient to constitute a defense.  The court overruled the demurrer.  From each of these orders the plaintiffs appeal.

A motion to strike an entire answer as frivolous is treated as a demurrer to the answer on the ground that it does not state facts sufficient to constitute a defense.  *Milwaukee Steamship Co. v. Milwaukee,* 83 Wis. 590, 595, 53 N. W. 839; *Wisconsin F. & F. B. Co. v. Southern S. Co.* 188 Wis. 383, 206 N. W. 204; *Williams v. Journal Co.* 211 Wis. 362, 247 N. W. 435. · Each appeal therefore raises the single question whether the answer states a defense.

The answer admits the allegations of the complaint and "that in ordinary times said plaintiffs are entitled to parti-

tion;" states that physical partition can be made; prays for physical partition; and that if this cannot be made without prejudice sale be postponed for some reasonable length of time because "of the present depression;" because of an existing mortgage; and because the property is vacant and "vacant property cannot be sold at this time."

Considering the pleading as an answer it is obvious that it does not state a defense and that the order of the circuit court overruling the demurrer must be reversed. Respondents' counsel concede that if their pleading is an answer the demurrer to it should have been sustained, but urge that it is not an answer. Sec. 263.05, Stats., declares that "the only pleading on the part of the defendant is either a demurrer or an answer." We must accept the declaration of the statute rather than the contention of counsel, and must hold that an answer is an answer, although it admits the allegations of the complaint. The orders appealed from must therefore be reversed.

While the above decides the issues before this court, we suggest that upon service of the answer the obvious course for plaintiffs to pursue was to move for judgment on the pleadings. Such a motion must have brought the case speedily to a hearing, which was the purpose of the motion made. By proceeding as they did and prosecuting the appeal, counsel not only defeated their own purpose but secured to defendants a good part of the postponement which their counsel sought to obtain in case sale instead of physical partition should be adjudged.

*By the Court.*—The orders of the circuit court are reversed.