PARAFFINE COMPANIES, INC., Respondent, vs. KIPP, Appellant.

*October 9—November 5, 1935.*

For the appellant there was a brief by *Pellette & Zillmer* of Milwaukee, and oral argument by *Raymond T. Zillmer.*

For the respondent there was a brief by *Charles Friend,* and oral argument by *Mr. Friend* and *Mr. Leo J. Kohn,* both of Milwaukee.

FAIRCHILD, J.  The appeal in this matter was dismissed because the order sought to be reviewed was not an appealable order.  It was a ruling on motions to strike certain paragraphs of an answer as sham, frivolous, or irrelevant after a stipulation had been entered into by the parties agreeing "that the motion to strike be considered by the court as a demurrer to each particular paragraph to which the motion to strike is directed."  The parties entered into the above stipulation over a year after the date of the second motion to strike, and provided in it that there be added to each paragraph involved in the motion to strike the following: "And as a separate defense alleges as follows:" The character and appealability of motions to strike are to be determined as of the date they were made.  We appreciate that an effort was made by counsel to avoid delays by this attempt to change

the procedure followed into one of a different character. But a motion to strike remains a motion to strike unless it fits into the situation described in *Gilbert v. Hoard,* 201 Wis. 572, 230 N. W. 720, or *Williams v. Journal Co.* 211 Wis. 362, 247 N. W. 435.

A motion to strike irrelevant matter from portions of a pleading serves a legitimate purpose, but is not the equivalent of a demurrer under the cases just cited. Even a general demurrer to specific paragraphs of an answer, where no single paragraph purports to contain within itself a completely stated defense to the complaint or any part thereof, is wholly ineffective to raise an issue of law. A general demurrer must be directed to the entire answer, or to some separately stated portion thereof purporting to constitute a defense. The question is not one of nomenclature, but of substance. The motions to strike here involved could not have been treated as effective demurrers had they been originally so labeled, because they are directed to paragraphs of the answer, none of which purport to state a separate and complete defense. While in terms the stipulation seeks to so amend the pleadings as to conform to the principles heretofore set out, in substance it amounts to no more than a stipulation that a motion, the character of which was theretofore determined and fixed, should be treated as a demurrer. This is no more effective than an express stipulation that a nonappealable order shall be appealable.

The sufficiency of a pleading, in matters of substance, must be tried on demurrer, and not on a motion to strike. The remedies should not be indiscriminately used. They are governed by essentially different rules. *Southern Home Ins. Co. v. Putnal,* 57 Fla. 199, 49 So. 922; 14 Ency. Pl. & Pr. p. 91; 49 C. J. p. 695, § 985; 21 R. C. L. p. 596, § 143; Pomeroy, Code Remedies (4th ed.), p. 708, § 487; 3 Bryant, Wis. Pl. & Pr. (2d ed.) p. 410, § 514. An order sustaining or overruling a demurrer is an appealable order, and an order made on a motion to strike is not, and jurisdiction

over a nonappealable order cannot be conferred on this court by stipulation. This is not a matter having to do with liberality in the construction of a pleading. It involves the jurisdiction of this court to take and consider an appeal. The history of pleading in this court has been characterized by generosity in construing motions to strike as demurrers when such motions have all the qualities of a demurrer except the name, but the court cannot reverse the process and treat what is in substance a motion to strike as a demurrer, for the purpose, or with the effect of conferring upon itself a jurisdiction to review which could not otherwise exist. Counsel generally would be well advised to keep this distinction in mind in order that the court may have jurisdiction to pass upon their appeals. As the court is without jurisdiction in this matter, the appeal is dismissed.

*By the Court.*—Appeal dismissed.