TEEGARDEN CO-OPERATIVE CHEESE COMPANY, Respondent,
vs. HECKMAN, Appellant.*

*October 10—November 8, 1955.*

* Motion for rehearing denied, with $25 costs, on January 10, 1956.

For the appellant there were briefs by *Brazeau & Brazeau* of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

For the respondent there was a brief by *Harold Jordan* of St. Paul, Minnesota, and *Emil A. Wakeen* of Wausau, and oral argument by *Mr. Jordan.*

GEHL, J.   Plaintiff-respondent contends that because the stricken portion of the answer is not pleaded as a separate defense the order is not appealable and cites *Bolick v. Gallagher* (1954), 266 Wis. 208, 63 N. W. (2d) 93, as authority for its contention. It will be observed that paragraph 8 of the answer opens with the statement, "For further answer to plaintiff's complaint and as a bar thereto, . . ." The plea of *res judicata* is one in bar. It is a separate defense and is so denominated in the answer. The case is therefore distinguishable from the *Bolick Case.* An order striking out the portion of an answer pleaded as a separate defense is appealable. *Gilbert v. Hoard* (1930), 201 Wis. 572, 230 N. W. 720.

The trial court's order is based upon its conclusion that the facts alleged in the stricken paragraph do not constitute a defense, that the plea of *res judicata* is not available to the defendant for the reason that she was not a party to the prior action. It is conceded that she was not, and that generally speaking to permit the doctrine of *res judicata* or estoppel by judgment to apply the parties to the two actions must be identical.

The defendant contends, however, that it appears from the pleadings that in the transactions involved the Heckmans acted as agents of Mid-State, their privies, that the judgment in favor of Mid-State in the former action is to be accepted as conclusive against the plaintiff's right of action against her, and cites as authority *Vukelic v. Upper Third Street S. & L. Asso.* (1936), 222 Wis. 568, 269 N. W. 273. Her contention assumes, first, that the relationship of principal and agent existed. We do not consider that it did. It appears nowhere in the record that there was a manifestation of consent by Mid-State that the Heckmans should act on its behalf and subject to its control, or a consent by the Heckmans to so act. Restatement, 1 Agency, p. 7, sec. 1.

Assume, however, that the relationship did exist. To have the benefit of the judgment of the first action defendant must go further and show that the liability of Mid-State in the former action was claimed to rest on the tortious act of their alleged agents, upon the doctrine of *respondeat superior,* that liability was dependent upon their culpability, and that in the former action the act of the Heckmans was determined not to have been tortious. *Hawley v. Davenport, R. I. & N. W. R. Co.* (1951), 242 Iowa, 17, 45 N. W. (2d) 513; *Canin v. Kesse* (1942), 20 N. J. Misc. 371, 28 Atl. (2d) 68; *Bigelow v. Old Dominion Copper Mining & Smelting Co.* (1912), 225 U. S. 111, 128, 32 Sup. Ct. 641, 56 L. Ed. 1009, 30 Ann. Cas. (1913E), 875; *Pinnix v. Griffin* (1942), 221 N. C. 348, 20 S. E. (2d) 366. That was the situation in the *Vukelic Case, supra,* upon which the defendant places her principal reliance, and where the court said (p. 572) :

"If the principal's liability is claimed to rest on the tortious act of his agent, and in a former suit the agent's act has been determined not to have been tortious, the judgment is pleadable as a bar by either in a suit against him, although in the suit in which the judgment was rendered only the other was a party."

Mid-State was sued in the former action as one engaged in commerce and in the course of such commerce had paid commissions to the Heckmans as agents of the plaintiff, and which compensation was not for services rendered in connection with the sale of the cheese to Mid-State, a violation of the Robinson-Patman Act, 15 USCA, sec. 13 (c), which provides:

"It shall be unlawful for any person engaged in commerce, in the course of such commerce, to pay or grant, or to receive or accept, anything of value as a commission, brokerage, or other compensation, or any allowance or discount in lieu thereof, except for services rendered in connection with the sale or purchase of goods, wares, or merchandise, either to the other party to such transaction or to an agent, representative, or other intermediary therein where such intermediary is acting in fact for or in behalf, or is subject to the direct or indirect control, of any party to such transaction other than the person by whom such compensation is so granted or paid."

It will be observed that the Robinson-Patman Act applies to the payment of commissions, under which provision Mid-State was sued in the former action, and to the receipt of commissions by the other party to the transaction. To fix liability upon Mid-State for such violation it was necessary to establish only that it had made payment of the commissions, and it was not necessary to determine that payment was made by or through its agent or servant. With respect to Mid-State they were no more than joint tort-feasors, in which case a judgment for or against one is no bar to an action against the other. Restatement, Judgments, p. 467, sec. 94.

The facts in the instant case more nearly resemble those appearing in *Morse v. Modern Woodmen of America* (1917), 166 Wis. 194, 164 N. W. 829. That was a libel action. Recovery was sought from the Modern Woodmen of

America, publisher of a libelous article. One Keeler, the state deputy of the defendant association, had previously been sued by the plaintiff for having circulated the libelous article in which action judgment had been obtained by the plaintiff before trial of the action against the society. The defendant contended that the action against Keeler was a bar to the action brought against it. The court held that it was not, that Keeler and the society were joint tort-feasors. Although the court did not refer to the fact, it should be noted that the society was alleged to have been the publisher of the libel, was sued as such, and could have been held for the publication without the necessity of showing any participation by Keeler; the doctrine of *respondeat superior* was not in the case. The same is true in the instant case. In its previous action, that brought against Mid-State, plaintiff in order to succeed was not required to trace the liability of Mid-State through the Heckmans.

We conclude, therefore, that there is no identity of parties, first because it does not appear that the Heckmans acted as agents for Mid-State, and second, assuming that it were possible to determine that they were, the liability of Mid-State asserted in the former action was not claimed to rest upon their tortious act.

*By the Court.*—Order affirmed.