LOUNSBURY, Respondent, vs. EBERLEIN, Executrix, and others, Appellants. [Two cases.]

*October 9—November 5, 1957.*

For the appellants there was a brief by *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Jacob Geffs.*

For the respondents there was a brief by *Crosby H. Summers* and *Donald W. Krueger,* both of Janesville, and oral argument by *Mr. Summers.*

STEINLE, J. The defendants contend that (a) the plaintiffs could not raise the sufficiency of the defendants' answer by motion to strike; (b) the plaintiffs waived objection that the separate defenses failed to state a defense; and (c) plaintiffs' claims are "contingent claims" within the meaning of sec. 313.22, Stats.

In support of their contention that the sufficiency of the answers could not properly be challenged by motion to strike, the defendants rely on provisions in secs. 263.17, 263.175, and 263.19, Stats., and upon *Paraffine Companies v. Kipp* (1935), 219 Wis. 419, 263 N. W. 84.

Sec. 263.17, Stats. (as amended effective September 1, 1956), in part provides:

"There shall be but a single demurrer to the answer. The plaintiff may, within twenty days, demur to the answer or any alleged defense therein when it does not state a defense; . . ."

Sec. 263.175, Stats. (as created effective September 1, 1956), in part provides:

"The demurrer shall distinctly specify the grounds of objection to the answer, in the language of section 263.17 relied upon, . . . Unless it does so, the demurrer may be stricken."

Sec. 263.19, Stats. (as re-created effective September 1, 1956), provides in part:

". . . If not raised by demurrer, the plaintiff waives the objection that the answer or any alleged defense therein fails to state a defense, but such waiver shall not preclude any challenge to the sufficiency of the evidence to establish a defense."

In *Paraffine Companies v. Kipp, supra* (p. 421), it was said:

"But a motion to strike remains a motion to strike unless it fits into the situation described in *Gilbert v. Hoard,* 201 Wis. 572, 230 N. W. 720, or *Williams v. Journal Co.* 211 Wis. 362, 247 N. W. 435.

"A motion to strike irrelevant matter from portions of a pleading serves a legitimate purpose, but is not the equivalent of a demurrer under the cases just cited. Even a general demurrer to specific paragraphs of an answer, where no single paragraph purports to contain within itself a completely stated defense to the complaint or any part thereof, is wholly ineffective to raise an issue of law. A general demurrer must be directed to the entire answer, or to some separately stated portion thereof purporting to constitute a defense. The question is not one of nomenclature, but of substance. The motions to strike here involved could not have been treated as effective demurrers had they been originally so labeled, because they are directed to paragraphs of the answer, none of which purport to state a separate and complete defense. . . .

"The sufficiency of a pleading, in matters of substance, must be tried on demurrer, and not on a motion to strike. The remedies should not be indiscriminately used. They are governed by essentially different rules. [Cases cited.] An order sustaining or overruling a demurrer is an appealable order, and an order made on a motion to strike is not, . . ."

In *Paraffine Companies v. Kipp, supra,* the motion to strike was held not to be the equivalent of a demurrer because the motion was directed to paragraphs of the answer which did not within themselves contain separately stated complete defenses. A similar situation existed in *Bolick v. Gallagher* (1954), 266 Wis. 208, 63 N. W. (2d) 93. There the portion of the answer to which the motion to strike was directed had not been stated separately, and it was held that for such reason the motion to strike did not bear the essentials of a demurrer.

In the instant matter it is plain that the defenses are stated separately, and that each of the separately stated paragraphs sets forth a complete defense. In *Gilbert v. Hoard* (1930),

201 Wis. 572, 230 N. W. 720, a motion to strike a portion of an answer not separately stated was held to have been directed to irrelevant matter; that such motion was not appealable; that an order sustaining a demurrer is appealable. In *Gilbert v. Hoard, supra* (p. 573), it was said:

"An order granting a motion to strike out a portion of an answer pleaded as a separate defense may be reviewed on appeal on the ground that it is in effect an order sustaining a demurrer. *Wisconsin F. & F. B. Co. v. Southern S. Co.* 188 Wis. 383, 206 N. W. 204. But this does not warrant reviewing an appeal from an order striking out a portion of an answer not so pleaded, as a demurrer does not lie to a portion not so pleaded. *Gooding v. Doyle, supra* [134 Wis. 623, 115 N. W. 114]. It seems manifest that before one can demur or give effect as a demurrer to a motion to strike a portion of an answer on the ground that it does not constitute a defense, he must require the defendant to state his defenses separately, if more than one be stated."

In *Williams v. Journal Co.* (1933), 211 Wis. 362, 365, 247 N. W. 435, it was said:

"A motion to strike out in its entirety a separate defense is, in its legal effect, a demurrer. *Wisconsin F. & F. B. Co. v. Southern Surety Co.* 188 Wis. 383, 387, 206 N. W. 204; *Gilbert v. Hoard,* 201 Wis. 572, 230 N. W. 720."

In *Teegarden Co-op Cheese Co. v. Heckman* (1955), 271 Wis. 86, 72 N. W. (2d) 920, this court determined that a motion to strike a portion of an answer which separately stated a plea in bar was appealable. Specifically the court said (p. 89):

"An order striking out the portion of an answer pleaded as a separate defense is appealable. *Gilbert v. Hoard* (1930), 201 Wis. 572, 230 N. W. 720."

It is thus manifest that under the approved practice in this state as indicated by the decisions above mentioned, a

motion to strike in its entirety a separately stated defense in an answer is, in its legal effect, a demurrer.

Notwithstanding such established principle, the defendants submit that by its determination in *Paraffine Companies v. Kipp, supra,* (p. 421), that the sufficiency of a pleading, in matters of substance, must be tried on demurrer, and not on a motion to strike, the court reversed the rule as declared in *Gilbert v. Hoard, supra,* and *Williams v. Journal Co., supra.* While the defendants concede that in *Teegarden Co-op. Cheese Co. v. Heckman, supra,* the court again sustained the principle as announced in *Gilbert v. Hoard, supra,* they take the position that under the rules in secs. 263.17, 263.175, and 263.19, Stats., which became effective after the *Teegarden Case* was decided, a motion to strike, although directed against a separately stated defense in the answer, may not be deemed a demurrer.

The only change in sec. 263.17, Stats., wrought by the amendment of September 1, 1956, was the addition of the language "There shall be but a single demurrer to the answer." Obviously under the amendment a plaintiff is precluded from interposing demurrer to the answer more than once. Should his first effort fail, he is not permitted to again so plead. In the instant situation the plaintiffs directed but one motion to strike to each of the separately stated defenses in the answers.

It is true that sec. 263.175, Stats., which directs that the grounds of objection be specified, did not exist when *Teegarden Co-op. Cheese Co. v. Heckman, supra,* was determined. It was in existence when the cause was heard below. Sec. 269.43 is in effect now and was in existence when the matter at bar was heard below. That section provides:

"The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

In the light of sec. 263.175, Stats., which provides that if distinct grounds are not specified, the demurrer *may* be stricken, and under the provisions of sec. 269.43 (just above quoted), the court was at liberty to disregard the absence of any reference to the specific ground of objection in the motions to strike. It was, of course, the right of the defendants to have the sufficiency of their pleas in bar determined, and it was also their right to appeal in the event of an adverse ruling to them. Both such rights are substantial. Neither was denied to the defendants. By treating the motions to strike as demurrers, the right of appeal was preserved. The sufficiency of the pleas in bar was determined. The defendants were entitled to have been served with the demurrers within the limits of twenty days (sec. 263.17). Since the defendants admitted service on the motions to strike which actually constituted demurrers, we perceive no denial of any substantial right in such regard.

The defendants also point out that no statute similar to sec. 263.19, Stats. (as re-created effective September 1, 1956), was in existence when *Williams v. Journal Co., supra,* was decided. However, it is to be noted that when *Teegarden Co-op. Cheese Co. v. Heckman, supra,* was determined, the provisions of sec. 263.19, in so far as applicable here, were not dissimilar in import. Sec. 263.19 at that time provided in part:

"If not taken by demurrer, the plaintiff waives any objection to the failure of the answer or any alleged defense therein to state a defense, but such waiver shall not preclude any challenge to the sufficiency of the evidence to establish a defense. . . ."

We are constrained to conclude that the trial court correctly determined that the motions to strike in the instant matters were in effect demurrers.

The defendants also contend that the plaintiff waived his right to object to the separately stated pleas in bar by inter-

posing a motion to strike instead of a demurrer, and that since no demurrer was interposed, the plaintiff (as provided in sec. 263.19, Stats.) waived objection that the answer and any alleged defense therein failed to state a defense. This contention is predicated entirely on the assumption that a motion to strike a separately stated defense in an answer may not be treated as a demurrer. In view of the ruling here that the motion to strike was in effect a demurrer, the claim of waiver cannot be sustained.

The trial court after correctly determining that the motions to strike were in effect demurrers, sustained the demurrers on the ground that the pleas in bar failed to state a defense to the causes of action of the several plaintiffs. The defenses attempted by the pleas in bar were predicated on the basis that the causes of action were in fact *contingent claims* which had not been filed as required in sec. 313.22, Stats. That statute provides:

"Contingent claims against a decedent's estate which cannot be allowed as debts shall, nevertheless, be presented to the court and proved, and they shall be embraced in a statement like that provided in section 313.06. The court may order the executor or administrator to retain in his hands sufficient estate to pay contingent claims when the same become absolute; or if the estate is insolvent, sufficient to pay a percentage thereof equal to the dividends of the other creditors."

The trial court determined that sec. 313.22, Stats., relates only to claims arising on contract. The defendants argue that while it is well established by a line of decisions that the nonclaim statutes of this state relate only to claims arising on contract, and that prior to the revision of sec. 313.22 in 1933 it was held that tort claims were not within the intendment of the statute relating to the filing of contingent claims as then provided, nevertheless the revised statute does

not only include claims arising from contract, but embraces tort claims as well. Previous to 1933, sec. 313.22 provided:

"CONTINGENT CLAIMS.—If any person shall be liable as security for the deceased or have any other contingent claim against his estate which cannot be proved as a debt before the court, or allowed by them, the same may be presented, with the proper proof, to the court, and they shall embrace the same in a statement as provided in section 313.06. If the court shall be satisfied by the proof exhibited it may order the executor or administrator to retain in his hands sufficient estate to pay such contingent claim when the same shall become absolute; or if the estate shall be insolvent, sufficient to pay a percentage thereof equal to the dividends of the other creditors."

The defendants point out that the word "may" in the former statute was significantly changed to "shall" in the revision of 1933, and that hence the filing of a contingent claim is now a mandatory requirement. Regardless of such consideration, we are concerned primarily with the meaning of the term "contingent claim." It does not appear that by its revision of the statute in 1933 the legislature intended to change the meaning of the term "contingent claim" as it had theretofore been defined in the decisions of this court. In *Davis v. Davis* (1909), 137 Wis. 640, 648, 119 N. W. 334, it was said:

"A contingent claim is one where the liability depends upon some future event which may or may not happen and therefore makes it uncertain whether there ever will be a liability. [Cases cited included *Austin v. Saveland's Estate* (1890), 77 Wis. 108, 45 N. W. 955.]"

In *Estate of Walter* (1924), 183 Wis. 540, 544, 198 N. W. 375, the court quoted with approval from *Austin v. Saveland's Estate* (1890), 77 Wis. 108, 45 N. W. 955, as follows:

" 'A contingent claim, within the meaning of the statutes, is one where the absolute liability depends upon some future

event, which may never happen, and which therefore renders such liability uncertain and indeterminable.' *Austin v. Saveland's Estate*, 77 Wis. 108, 114, 45 N. W. 955."

In the cases at bar the causes of action accrued when the injuries and deaths occurred. The liability of the defendants does not depend upon any future event that may or may not happen. If liability exists, it results from negligent acts of the past on the part of defendants' decedents.

Sec. 313.22, Stats., as it existed prior to 1933, referred to a contingent claim against an estate which could not be proved as a debt before the court, or allowed by the court. In its present form sec. 313.22 refers to claims against a decedent's estate which cannot be allowed as debts. Sec. 313.22 as it existed prior to 1933 was in effect when *Holzworth v. State* (1941), 238 Wis. 63, 65, 298 N. W. 163, was decided. It was there said:

"This court has held in three cases that the word 'claim' as used in sec. 285.01, Stats., applies only to claims which if valid render the state a debtor and not to equitable claims or claims for tort. *Chicago, M. & St. P. R. Co. v. State* (1881), 53 Wis. 509, 10 N. W. 560; *Houston v. State* (1898), 98 Wis. 481, 74 N. W. 111; *Petition of Wausau Inv. Co.* (1916), 163 Wis. 283, 158 N. W. 81.

"With respect to the meaning of the word 'claim' see also *Payne v. Meisser* (1922), 176 Wis. 432, 187 N. W. 194, and *Will of Heinemann* (1930), 201 Wis. 484, 230 N. W. 698."

By reason of these considerations we are obliged to conclude that the plaintiffs were not required to file contingent claims against the estates in question with regard to their respective causes of action in tort.

The trial court's orders with reference to the motions to strike must be sustained.

The employment of certiorari in circumstances as here was not consistent with the practice as recognized in this state. By virtue of the court's determination that the motions to

strike were in effect demurrers, it was the defendants' right to appeal therefrom. Certiorari was not proper.

*By the Court.*—The orders sustaining the motions to strike are affirmed. The writ of certiorari is dismissed.