SCHNEIDER, Appellant, vs. KENOSHA NEWS PUBLISHING COMPANY, Respondent.

*September 10—October 16, 1945.*

*Val. W. Dittmann* of Kenosha, for the appellant.

For the respondent there was a brief by *Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *Roy B. Stephenson.*

ROSENBERRY, C. J.   No question is raised as to the sufficiency of the complaint in which it is alleged that the plaintiff was—

"An American citizen, regarded as a good, true, just and faithful citizen of this country, and as such has always behaved and conducted himself, and until the committing of the grievances by the said defendant as hereinafter mentioned was always reputed, esteemed and accepted by and among other citizens to whom he was in anywise known, to be a person of good name, good conduct, good citizenship, loyal and well regarded."

That the Kenosha Evening News was a newspaper of general circulation in Kenosha county, Wisconsin.

It is further alleged:

"3. That on the 26th day of May, 1944, the defendant in its owned and managed publication the Kenosha Evening News, through its officers, agents and servants, maliciously composed, published and circulated, concerning the plaintiff in said newspaper, with intent to injure and defame the plaintiff and his good name, reputation, standing and business, intending to hold said plaintiff up to public ridicule, contempt, hatred and scorn, seeking to depict him as an enemy alien during war times, as an inimical foe of America, execrated from society and to be shunned and avoided by respectable citizens, with an erroneous, sensational and defamatory headline insinuating that said plaintiff had been indicted by a court of law, the following false and defamatory matter:

" 'U. S. COURT IN INDICTMENT OF
BUND MEMBERS.
(Headline)

" 'Because of his membership in the German-American, Volksbund, Ewald Schneider, Kenosha, a coffee salesman, one of twenty-five German-Americans named in the federal court last year for denaturalization proceedings, he was a foe of America despite his claims to American citizenship, according to a decision of Thursday by Federal Judge F. RYAN DUFFY, Milwaukee.

" 'The ruling was made by the court in the first announcement of a decision that followed many days of hearings in Milwaukee, during which a number of Kenoshans were called to testify. Ten of the first twenty-five cases were consolidated, and after testimony was completed the court took the decision under advisement.

" 'The case is not yet completed, however, since the decision on Thursday was only "the first part," the court emphasized.'

" 'The full story in addition to these above-quoted paragraphs is set out in full and attached hereto marked "Exhibit A" and made a part hereof.

"4. That these aforesaid published paragraphs and story referring to the plaintiff as having been found by a court of

law to be a "foe of America despite his claims to American citizenship," together with the erroneous and sensational headline imputing that the plaintiff had been indicted by a court of law, is a composition, publication and circulation of malicious and defamatory material statements or matter, intending and designedly attempting to color and distort the report of a judicial proceeding in an untrue, unfair, and garbled manner, and a deliberate attempt to suppress the true and correct decision of the court as shown by the following conclusions of law filed and published by F. RYAN DUFFY, federal judge for the Eastern district of Wisconsin, on Thursday, May 25, 1944:

" 'Conclusions of Law.

" '1. The German-American Bund and its predecessor organizations were un-American and subversive and the teachings of such organizations were contrary to the principles of the constitution of the United States.

" '2. The fact that a person was a member of a local unit of the Bund is not in itself sufficient to prove fraud which would warrant a judgment of cancellation of a decree of naturalization.

" '3. These findings of fact and conclusions of law will be filed in each of the ten cases listed in the caption and will stand as Part I of the findings and conclusions in each case. Part II will be devoted to the nature and extent of the participation, if any, of each individual defendant in the activities of the Bund, and the knowledge, if any, on the part of the individual defendant of the real purposes of the Bund.    There will also be considered all other evidence bearing on the question of whether such defendant obtained his certificate of naturalization by fraud.

" 'Dated at Milwaukee, Wisconsin, this 25th day of May, A. D. 1944.

" '/s/ F. RYAN DUFFY,
" 'Judge.' "

(In case of *United States of America,* plaintiff, *v. Ewald Schneider,* Civil Action No. 965.)

"5. That the defendant by these false and defamatory headlines and story, which were an untrue and unfair report of a

judicial proceeding, deliberately intended to ridicule and degrade the plaintiff, hold him up to the public as a citizen who was in truth and fact an enemy and foe of this nation and under indictment as such, and thereby injure the reputation and business standing in the community and surroundings; that this publication of false and defamatory accusations was during war times when the United States of America was a declared enemy of Germany and public reference to any citizen's patriotism and loyalty was matter of grave concern and serious consequence."

It was further alleged that the plaintiff was injured in his good name, reputation, and business standing, in the sum of $50,000, for which amount judgment is demanded.

By its answer, the defendant denied, first, on information and belief, that the plaintiff was regarded as a good, true, just, and faithful citizen, etc.; second, denied that the defendant, through its officers, agents, or servants, or otherwise, on May 26, 1944, or at any other time, composed, published, or circulated any false or defamatory matter, etc.; third, denies that the headline or story set forth in the complaint was false or defamatory or was an untrue or unfair report of a judicial proceeding; and, fourth, denies that any headline or story published by defendant concerning plaintiff was false or defamatory, or that its purpose or effect was to damage or injure the plaintiff or that the plaintiff has been damaged in the sum of $50,000 or any other sum.

The defendant then pleaded as an affirmative defense to the action, the following facts:

"First: That the statements of fact contained in the article published in Kenosha Evening News on May 26, 1944, as set forth in plaintiff's complaint were true and all statements other than statements of fact contained in said article were fair comment in the public interest and published in good faith without malice, and as a matter of news.

"Second: Defendant further alleges by way of defense on the ground of privilege that before the publication of the

article in Kenosha Evening News of May 26, 1944, complained of by plaintiff, certain proceedings had been heard in the United States district court for the Eastern district of Wisconsin to revoke the citizenship of plaintiff. That on or about May 25, 1944, a decision of certain of the issues in said matter was entered by Hon. F. RYAN DUFFY, judge of said court. That the article of May 26, 1944, complained of by plaintiff, was a full and fair report of said judicial proceedings and was published in good faith and without malice.

"Third: Defendant further alleges on information and belief that plaintiff, Ewald Schneider, was one of the organizers of the Kenosha unit of the Friends of New Germany in 1934; said Friends of New Germany changed its name to German-American Bund in the year 1936; said Ewald Schneider continued as one of the governing group of said Bund and dominant therein until shortly before he left for Germany in May, 1939; that said Kenosha unit of the German-American Bund was a branch or subordinate unit of the National German-American Bund. During said period, plaintiff was at all times the treasurer of said Bund and during a part thereof was secretary thereof. For a long time during said period, plaintiff acted as agent for Deutscher Weckruf und Beobachter, and distributed or caused to be distributed large numbers thereof among Bund members and others in Kenosha. Defendant is informed and verily believes that said Deutscher Weckruf und Beobachter was throughout said period the official newspaper of the National German-American Bund, and was a publication of Nazi propaganda. Said plaintiff acted as distributor of said paper until shortly before he and his family left for Germany in May, 1939. Defendant further alleges on information and belief that plaintiff was for a long period of time a member of the uniformed Ordnungs Dienst, or storm troops of said Bund. Said Bund, formerly known as Friends of New Germany, espoused the political philosophy of national socialism as practiced by Nazi Germany, and plaintiff throughout said period well knew that fact. Defendant further alleges on information and belief that said plaintiff further knew that said Bund advocated the leadership principle, the principle of the totalitarian state and other doctrines that are completely contrary to the democratic theory of government as known and practiced in the United States.

Said Ewald Schneider further knew that said Friends of New Germany and German-American Bund were militant organizations which advocated a lack of attachment to the principles of the constitution of the United States and an ill-disposition on the part of its members to the good order and happiness of the United States; that said organizations encouraged, fostered, and demanded in its members supreme and unswerving allegiance and fidelity to the German reich; the said Ewald Schneider by his own overt acts and speech and statements evidenced his devotion to a support of the objectives and purposes of said Friends of New Germany and German-American Bund; that he made derogatory statements concerning the form of government and living conditions in the United States of America as compared with living conditions and form of government of Germany; that in the spring of 1939, Ewald Schneider participated actively in recruiting skilled labor in the city and county of Kenosha, state of Wisconsin, to be sent to Germany, and in May, 1939, said Ewald Schneider and all members of his family returned to Germany with the intent to remain in Germany permanently; that in the event the article published in Kenosha Evening News on May 26, 1944, as set forth in said complaint shall be construed to allege that Ewald Schneider, plaintiff herein, was a foe of America, such fact is true.

"Fourth: Defendant further restates as fully as though repleaded in mitigation of any damage to which the plaintiff might otherwise be entitled, each and every material allegation heretofore set forth in the affirmative defense of defendant.

"Defendant further alleges in mitigation of any damages to which plaintiff might otherwise be entitled that all the matters and things set forth in the article here complained of by plaintiff, were on May 25, 1944, published and circulated in the cities of Milwaukee, Racine, and Kenosha, Wisconsin, and elsewhere in Wisconsin in certain daily newspapers known as the Milwaukee Journal and the Milwaukee Sentinel, and were through such newspapers communicated to this defendant and were published by defendant as matters of current news of public interest, this defendant verily believing said publications to be true.

"Defendant further alleges as a separate defense to said complaint and as a defense to any claim of plaintiff for ex-

emplary or punitive damages, that on the 27th day of May, 1944, being the day following the publication of the article complained of, defendant published an explanation. and retraction of any inference which might be drawn from the headline in the article published, that said plaintiff had been indicted in any court and also an explanation and retraction of any inference which might be drawn from said article that plaintiff automatically became a foe of America by reason of his membership in the German-American Bund."

Thereupon the plaintiff filed the following demurrer:

"The plaintiff herein demurs to the first paragraph of the affirmative defense set forth on page 3 of the answer, on the ground that the facts stated therein are not sufficient to constitute a defense and cannot be determined from the pleadings. "The plaintiff herein demurs to the third paragraph of the affirmative defense set forth on page 4 of the answer, on the ground that the facts therein are not sufficient to constitute a defense. "The plaintiff demurs to the fourth paragraph of the affirmative defense set forth on page 6 of the answer, on the ground that the facts stated therein are not sufficient to constitute a defense and do not set forth any circumstances mitigating the tort alleged to have been committed, and are set forth only to prejudice the court and jury."

The court overruled the demurrer as to each of the three affirmative defenses demurred to.

Sec. 263.17, Stats., provides that—

"The plaintiff may, within twenty days, demur to the answer or any alleged defense therein when it does not state a defense. . . ."

The statute nowhere provides that a demurrer may be made to an affirmative defense on the ground that the facts cannot be determined from the pleadings or that the answer does not set forth any circumstances mitigating the tort alleged to have been committed, and are set forth only to prejudice

the court and jury. So much of the demurrers as relates to these matters will not be further noticed.

Upon this appeal the plaintiff contends that the statement in the article published to the effect that the plaintiff has been found by a court hearing, according to a decision and ruling, to be a foe of America, constitutes a libelous statement of fact, prohibiting an affirmative defense; that the only question of truth involved is whether it is true or not that the defendant published the reported article which is libelous *per se*. The issue is, he contends, Was or was not the reported article a true report of a judicial proceeding or privileged or a false report and unprivileged?

Sec. 331.05 (1), Stats., provides:

"The proprietor, publisher, editor, writer or reporter upon any newspaper published in this state shall not be liable in any civil action for libel for the publication in such newspaper of a true and fair report of any judicial, legislative or other public official proceeding authorized by law or of any public statement, speech, argument or debate in the course of such proceeding. . . ."

The plaintiff further contends, as we understand his position, that the words being libelous *per se,* there can under the circumstances of this case be no inquiry as to the truth of the statement. As the trial court held, this contention cannot be sustained. If the statement made was in fact true, that constitutes a defense to the action. *Williams v. Journal Co.* (1933) 211 Wis. 362, 247 N. W. 435.

The fact that the statement was published in a newspaper does not change its nature or foreclose the defendant from showing that it is true. If it be found that the statement made is untrue and is in fact libelous, then the question will arise whether it is privileged within the provisions of sec. 331.05, Stats. If it is a truthful report of a judicial proceeding it will be privileged. If it is not a truthful report, the statute will afford the defendant no protection by way of privilege.

The defendant may avail itself of all of the defenses it would have had if the statement had been published otherwise than in a newspaper.

The affirmative defenses which were demurred to contained matter which the defendant properly pleaded in defense and such matters are properly pleaded as an affirmative defense. The inquiry is not limited to whether the judge of the federal court held as a matter of law that the plaintiff was a foe of America. As already stated, each of the defenses pleaded are available to the defendant.

*By the Court.*—The order overruling the demurrer to each of the separate defenses is affirmed.